## UNITED STATES v. CHAPMAN.
### No. 8102.

District Court, S. D. Alabama, S. D.
Nov. 21, 1931.

See, also (D. C.) 3 F. Supp. 903.

Alex C. Birch, U. S. Atty., and D. R. Coley, Jr., Asst. Dist. Atty., both of Mobile, Ala., for the United States.

Jere Austill, of Mobile, Ala., for defendant.

ERVIN, District Judge.

The indictment in this cause has two counts, the first charging that one H. Edward Jackson, an employee of the First National Bank of Laurel, Miss., a member of the Federal Reserve System, embezzled $71,983.11 of the funds of such bank, and that thereafter the defendant in the Southern District of Alabama, knowing the facts, did knowingly and feloniously receive and keep for said Jackson $10,000 in currency in the county of Mobile, Ala., with the intent to aid said Jackson in avoiding detection and arrest. 18 USCA § 551.

The second count charged the same crime by Jackson, alleging it to be a felony committed by Jackson, and knowledge thereof by defendant, and a concealment of Jackson by defendant and that defendant failed for, to wit, five months after such knowledge to disclose and make known the same to any judge or to any person in civil or military authority under the United States. 18 USCA § 251.

Defendant demurs to the first count because it fails to allege a warrant or other process had been issued for the arrest of Jackson or that defendant had knowledge of any such process.

He also demurs to the second count because it fails to show any duty owing by defendant to make report to any judge or other person and it fails to show any felony to have been committed by Jackson.

The first question to be determined is: Was the offense committed by Jackson a felony or a misdemeanor?

The offense was created by statute, R. S. § 5209, which denominated it a misdemeanor. This act was amended September 26, 1918, when it was again denominated a misdemeanor, and is brought into the 12 USCA as section 592 and still denominated a misdemeanor.

On March 4, 1909, an act was passed to take effect in 1910, which is brought into the 18 USCA as section 541, which reads as follows: "All offenses which may be punished by death or imprisonment for a term exceeding one year, shall be deemed felonies. All other offenses shall be deemed misdemeanors."

This act has been held by Hoss v. U. S. (C. C. A.) 232 F. 328, and Sheridan v. U. S. (C. C. A.) 236 F. 305, to change other offenses, which had been denominated as misdemeanors, into felonies.

There are many statutes passed providing for punishment of more than a year and denominated misdemeanors. The Supreme Court, commenting on this practice in Carroll v. U. S., 267 U. S. 158, 45 S. Ct. 280, 287, 69 L. Ed. 543, 39 A. L. R. 790, says: "Under our present federal statutes, it is much less important and Congress may exercise a relatively wide discretion in classing particular

offenses as felonies or misdemeanors." See, also, Morris v. U. S. (C. C. A.) 161 F. 672.

Among the offenses named in the Banking Act as misdemeanors, though punished by more than a year's imprisonment, and carried into 12 USCA, will be found sections 581–588 and 592.

Section 595 fixes the punishment at not exceeding one year, and yet designates the offense as a misdemeanor.

Section 594 prescribes the punishment at not more than a year and contains no designation.

Section 398, 18 USCA, passed June 25, 1910, and after section 541, prohibiting the white slave commerce, designates the offense as a felony and fixes the punishment at not more than five years.

Sections 334 and 335, title 18, prohibiting the mailing of obscene or filthy books or papers, etc., says, "shall be * * * imprisoned not more than five years," contains no designation.

In volume 42, p. 937, § 305, subd. (b), U. S. Stat. 1922 (18 USCA § 190), providing punishment for any officer or agent of the government who shall knowingly aid and abet the importation of obscene publications, designates the offense to be a misdemeanor, and fixes the punishment at not exceeding ten years.

There are many more of like kind, but these will show that Congress, both before and after passing section 541, title 18 USCA, had the habit of passing acts, sometimes fixing the punishment without designating the offense, sometimes designating the offense without fixing the punishment, and sometimes fixing the punishment and designating the offense, and quite frequently fixing the punishment at much over a year's imprisonment, and yet designating the offense as a misdemeanor. Some of these statutes, like the one in question, have been amended since 1910 and in such amendments they are still designated as misdemeanors.

If we treat a later statute as repealing or amending a prior inconsistent one, we must also recognize that an amendment bringing forward a designation or provision found in a previous statute is a ratification thereof.

We also find these same provisions brought forward into the same Code which contains section 541, and still providing for a punishment exceeding a year and a day and still designated as misdemeanors.

That they are inconsistent with the literal reading of section 541 cannot be doubted.

Did Congress then intend that section 541 should change into felonies the designation they had made in these many statutes, as misdemeanors?

Did it intend, when they adopted the Code with section 541 and the other statutory designations in it, that section 541 should change all these offenses into felonies even though they were passed later than section 541?

If so, why did they bring into the Code these misdemeanor designations, and why did they continue creating offenses designating them misdemeanors and providing for more than a year and a day's punishment?

This practice suggests that they did not intend that section 541 should have as broad effect as has been given it by the decisions above cited. If section 541 is given the effect declared in those cases, we have many conflicts and much confusion.

If, however, it be construed to mean that in all cases where Congress passes statutes declaring offenses, and fixes a punishment but fails to designate the offense as either a felony or a misdemeanor, then section 541 should apply, but where Congress designates the offense, declares it as either a misdemeanor or a felony, there is nothing for section 541 to act on, as the congressional special designation has already been placed on the offense, and it leaves no field for section 541.

Finding that Congress frequently passes statutes creating offenses and designates them either as misdemeanors or felonies, that it also frequently fixes the punishment but fails to designate the character of the offense, I feel that by this conduct they have put their own construction on section 541, for surely they are presumed to know of the existence of section 541, and to have acted with such knowledge. This construction harmonizes the whole matter. Section 541 declares nothing new; it is merely declaratory of the common law.

■ I, therefore, hold that Jackson's offense was a misdemeanor and not a felony.

The first count "is drawn" under section 551, USCA, which provides: "Whoever, except as otherwise expressly provided by law, being an accessory after the fact to the commission of *any offense* defined in *any law* of the United States, shall be imprisoned not exceeding one-half the longest term of imprisonment, or fined not exceeding one-half the largest fine prescribed .for the punishment of the principal, or both, if the principal is punishable by both fine .and imprisonment; or if the principal is punishable

by death, then an accessory shall be imprisoned not more than ten years." (Italics mine.)

An examination of section 550, 18 USCA, will show that it eliminates the offense of accessory before the fact, making them both principals. "Whoever directly commits any act constituting an offense defined in any law of the United States, or *aids, abets, counsels, commands, induces,* or *procures* its commission, is a principal." (Italics mine.)

Under the common law there was no such thing as accessory *after the fact* to a misdemeanor.

Does section 551 have that effect?

The language used is, "Whoever * * * being an accessory after the fact to the commission of *any* offense defined in *any* law," and that certainly on its face seems to do so. I find nothing in the act inconsistent with this construction.

It is next urged that section 551, 18 USCA, is controlled by section 246, 18 USCA, which says: "Whoever shall rescue or attempt to rescue, from the custody of any officer or person lawfully assisting him, any person *arrested* upon a warrant or other process issued under the provisions of any law of the United States, or shall, directly or indirectly, aid, abet, or assist any person so arrested to escape from the *custody* of such officer or other person, or shall *harbor or conceal* any person for whose arrest a *warrant or process* has been so issued, so as to prevent his discovery and arrest, after *notice* or *knowledge* of the fact that a *warrant or process* has been issued for the apprehension of such person, shall be fined not more than $1,000, or imprisoned not more than six months, or both." (Italics mine.)

All that is required under section 551 is that the defendant be an accessory after the fact, that is, that he knew the offense had been committed and then gave aid; it was not required that the original offender had been arrested.

Section 246 was passed to cover the case of giving aid or assistance to one who had been in the custody of an officer under a warrant, an entirely different proposition.

The demurrer to the first count will be overruled.

Having held that the offense committed by Jackson was a misdemeanor and not a felony, of course defendant cannot be held under the second count, which charges a misprision of a felony. 18 USCA § 251.

The demurrer to the second count will be sustained.