## CHAPMAN v. UNITED STATES.

District Court, S. D. Alabama.
June 26, 1933.

Jere Austill, of Mobile, Ala., for plaintiff.

Alex C. Birch, U. S. Atty., and D. R. Coley, Jr., Asst. Dist. Atty., both of Mobile, Ala., for the United States.

ERVIN, District Judge.

Defendant Chapman was tried and convicted under an indictment charging him with being an accessory after the fact to H. Edward Jackson and John J. Jackson in an embezzlement of money from a national bank. The court sentenced him for a term of eighteen months. He then filed a motion to correct the sentence because it was in excess of what the court could impose. The contention being that section 551, 18 USCA, does not declare the offense of accessory after the fact but only provides for its punishment. That section 246, 18 USCA, is the only section under which Chapman could have been sentenced.

It is true that section 551 as written does not define the offense of accessory after the fact. It merely declares that: "Whoever, except as otherwise expressly provided by law, being an accessory after the fact to the com-

mission of any offense defined in any law of the United States, shall be imprisoned not exceeding one-half the longest term of imprisonment, or fined not exceeding one-half the largest fine prescribed for the punishment of the principal, or both, if the principal is punishable by both fine and imprisonment; or if the principal is punishable by death, then an accessory shall be imprisoned not more than ten years."

Conceding that a common-law crime cannot be prosecuted in a federal court until it has been made an offense by a federal statute, the question arises whether the crime of accessory after the fact is so provided for in this statute. It declares that whoever being an accessory after the fact to the commission of any offense defined in any law may be punished in a prescribed manner.

It is true there is no definition of accessory after the fact, nor any statement of facts set up which constitutes the offense of accessory after the fact.

The definition is left to the common law, and is well known. Suppose the statute had read, whoever commits any murder, or larceny, shall be punished in a certain manner, this would be no more certain than the provisions of this statute. There is no prescribed formula to be used in adopting a common-law offense. This statute accepts the common-law definition of accessory after the fact and prescribes its punishment.

▮ It is further urged that the words "except as otherwise provided by law" leaves the punishment as provided in section 246, 18 USCA.

When we look to that statute, however, it provides for another offense of attempting to rescue a prisoner in custody, or of harboring or concealing a person for whose arrest a warrant has been issued.

This may or may not amount to being an accessory after the fact. This indictment, however, was not drawn under this statute. The fact that an entirely different punishment is provided in this statute shows that it was never intended to embrace an accessory after the fact as provided for in section 551, 18 USCA. Where the only question is, was the accused an accessory after the fact, and it is not required to make him such that the principal defendant has been arrested or a warrant has been issued for his arrest. The sentence imposed was not in excess of one-half the punishment prescribed for an embezzler from a national bank.

The motion will be overruled.

This is the same case as U. S. v. Chapman (D. C.) 3 F. Supp. 900, where the demurrer raised somewhat the same question.