# Matter of Agustin VALENZUELA GALLARDO, Respondent

*Decided June 27, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  A crime "relate[s] to obstruction of justice" within the meaning of section 101(a)(43)(S) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(S) (2006), if it includes the critical element of an affirmative and intentional attempt, motivated by a specific intent, to interfere with the process of justice, irrespective of the existence of an ongoing criminal investigation or proceeding.  *Matter of Batista-Hernandez*, 21 I&N Dec. 955 (BIA 1997), reaffirmed.  *Matter of Espinoza*, 22 I&N Dec. 889 (BIA 1999), clarified.

(2)  A conviction for accessory to a felony under section 32 of the California Penal Code that results in a term of imprisonment of at least 1 year is a conviction for an aggravated felony under section 101(a)(43)(S) of the Act, because the offense "relate[s] to obstruction of justice."

FOR RESPONDENT:  Frank P. Sprouls, Esquire, San Francisco, California

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Sherry A. Nohara, Senior Attorney

BEFORE: Board Panel:  GRANT, MALPHRUS, and MULLANE, Board Members.

GRANT, Board Member:

In a decision dated August 12, 2010, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), as an alien who has been convicted of an aggravated felony.  The Immigration Judge therefore denied the respondent's motion to terminate his removal proceedings and ordered him removed from the United States.  The respondent filed a timely appeal from the Immigration Judge's decision, which we dismissed on November 9, 2010.

The respondent subsequently filed a timely motion to reconsider, which we denied on January 7, 2011.  In an interim order dated October 21, 2011, we sua sponte reopened these removal proceedings for further consideration of the respondent's removability in light of *Trung Thanh Hoang v. Holder*, 641 F.3d 1157 (9th Cir. 2011), and thereby reinstated the respondent's appeal. Both parties have submitted briefs setting forth their positions concerning the respondent's removability.  The appeal will be dismissed.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of Mexico, was admitted to the United States as a lawful permanent resident on or about May 23, 2002.  He was convicted of the crime of accessory to a felony in violation of section 32 of the California Penal Code on December 28, 2007, and was sentenced to 16 months in prison.  Based on this conviction, the Department of Homeland Security ("DHS") initiated removal proceedings against the respondent, charging that he is removable as an alien convicted of an aggravated felony.  Specifically, the DHS asserted that the respondent's accessory offense is "an offense relating to obstruction of justice" for which he was sentenced to at least 1 year of imprisonment and that it is therefore an aggravated felony under section 101(a)(43)(S) of the Act, 8 U.S.C. § 1101(a)(43)(S) (2006).  In his motion to terminate proceedings, the respondent countered that his crime does not qualify as "an offense relating to obstruction of justice" because the statute under which he was convicted does not require that the offender's actions relate to any ongoing investigation or judicial proceedings.  In light of prior Board precedent, the Immigration Judge denied the respondent's motion and ordered him removed to Mexico.

## II.  ISSUE

The sole issue before us is whether the respondent's felony accessory offense qualifies as "an offense relating to obstruction of justice" within the meaning of section 101(a)(43)(S) of the Act.[1]  This is a purely legal question, which we review de novo.  *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2012).

## III.  ANALYSIS

The phrase "an offense relating to obstruction of justice" is not defined in the Act.  *See Matter of Espinoza*, 22 I&N Dec. 889, 891 (BIA 1999).  As the United States Court of Appeals for the Ninth Circuit has acknowledged, the phrase is ambiguous.  *See Trung Thanh Hoang v. Holder*, 641 F.3d at 1060-61, and cases cited therein.  Where a statute is silent or ambiguous, an agency's interpretation of it should be given deference if it is based on a permissible construction of the statute.  *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).  The Supreme Court has emphasized that the

---

[1] The respondent does not allege clear error in any of the Immigration Judge's findings of fact.  Nor does he contest that he was sentenced to more than 1 year of imprisonment as a result of his felony accessory conviction.

*Chevron* principle of deference must be applied to an agency's interpretation of ambiguous statutory provisions, even where a court has previously issued a contrary decision and believes that its construction is the better one, so long as the agency's interpretation is reasonable. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005).

For the reasons that follow, we conclude that the crime of accessory to a felony under section 32 of the California Penal Code is an aggravated felony under section 101(a)(43)(S) of the Act, because it "relate[s] to obstruction of justice." In so holding, we respectfully invoke the authority in *Brand X* to clarify our prior precedents on the scope of the phrase "relating to obstruction of justice."

In *Matter of Batista-Hernandez*, 21 I&N Dec. 955, 962 (BIA 1997), we held that the Federal crime of accessory after the fact under 18 U.S.C. § 3 (1994) "clearly relates to obstruction of justice."[2] We observed there that "the nature of being an accessory after the fact lies essentially in obstructing justice and preventing the arrest of the offender." *Id.* at 961 (citing *United States v. Barlow*, 470 F.2d 1245, 1252-53 (D.C. Cir. 1972)).

Two years later, we clarified this ruling in *Matter of Espinoza*, 22 I&N Dec. 889, which involved a conviction for misprision of a felony under 18 U.S.C. § 4 (1994). In that decision, we observed that Congress chose to use the term of art "obstruction of justice" in the aggravated felony definition at section 101(a)(43)(S) of the Act, rather than a generic descriptive phrase such as "obstructing justice." *Id.* at 893. Consequently, we looked to the offenses included in Title 18 of the United States Code entitled "Obstruction of Justice" to inform our analysis of the contours of the phrase "obstruction of justice" within the meaning of section 101(a)(43)(S). We reasoned that Congress' use of this term of art indicated an intent that the phrase be interpreted consistent with its use in the Federal criminal code.

Within that context, we distinguished the Federal offense of misprision of a felony under 18 U.S.C. § 4 from the Federal offense of accessory after the fact and held that a conviction for misprision is not covered by section 101(a)(43)(S) of the Act. "The definition of the federal crime of accessory after the fact in 18 U.S.C. § 3 requires an affirmative action knowingly undertaken 'in order to hinder or prevent [the principal's] apprehension, trial or punishment.'" *Matter of Espinoza*, 22 I&N Dec. at 894 (quoting 18 U.S.C. § 3). We determined that the critical difference between the crimes of accessory after the fact in § 3 and misprision of a felony in § 4 was that

---

[2] The Federal accessory after the fact statute provides that "[w]hoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender *in order to hinder or prevent his apprehension, trial or punishment*, is an accessory after the fact." 18 U.S.C. § 3 (emphasis added).

"nothing in § 4 . . . references the specific purpose for which concealment must be undertaken." *Id.* Stated another way, accessory after the fact references the specific purposes for the concealment, which are hindering or preventing the "apprehension, trial or punishment" of the principal offender. 18 U.S.C. § 3. This led us to conclude that "the specific purpose of hindering the process of justice brings the federal 'accessory after the fact' crime within the general ambit of offenses that fall under the 'obstruction of justice' designation." *Matter of Espinoza*, 22 I&N Dec. at 894-95.

Because the phrase "obstruction of justice" is ambiguous, there is no seamless rationale for including some offenses, such as accessory after the fact, and excluding other offenses, such as misprision of a felony. Nevertheless, we supported this distinction by pointing out that "concealment of a crime is qualitatively different from an affirmative action to hinder or prevent another's apprehension, trial or punishment." *Id.* at 895. We concluded that misprision does not constitute "obstruction of justice" because "it lacks the critical element of an affirmative and intentional attempt, motivated by a specific intent, to interfere with the process of justice." *Id.* at 896. This element—the affirmative and intentional attempt, with specific intent, to interfere with the process of justice—demarcates the category of crimes constituting obstruction of justice. While many crimes fitting this definition will involve interference with an ongoing criminal investigation or trial, *id.* at 892-93, we now clarify that the existence of such proceedings is not an essential element of "an offense relating to obstruction of justice."

Applying this principle to the case before us, we find that the crime in section 32 of the California Penal Code is properly classified as an offense "relating to obstruction of justice."[3] The provisions of this statute are closely analogous, if not functionally identical, to those in 18 U.S.C. § 3. Critically, both statutes include the element of an affirmative and intentional attempt, motivated by a specific intent, to interfere with the process of justice. *See* 18 U.S.C. § 3 (requiring that the offender act "*in order to hinder or prevent* [the principal's] apprehension, trial or punishment") (emphasis added);

---

[3] Section 32 of the California Penal Code provides as follows:

> Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony.

The California Penal Code uses the term "accessory" to refer exclusively to accessories after the fact. *See United States v. Vidal*, 504 F.3d 1072, 1081 (9th Cir. 2007).

Cal. Penal Code § 32 (West 2012) (requiring that the offender act "*with the intent that [the] principal may avoid or escape from* arrest, trial, conviction or punishment") (emphasis added); *see also Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1070 (9th Cir. 2007) (indicating that a conviction under section 32 of the California Penal Code "requires knowing interference with the enforcement of the law with the specific intent to help a principal avoid arrest or trial"), *overruled on other grounds*, *United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir 2011). Consequently, the California accessory offense of which the respondent was convicted, like the Federal accessory after the fact crime addressed in *Matter of Batista-Hernandez*, 21 I&N Dec. at 960, is an offense "relating to obstruction of justice."

In *Trung Thanh Hoang v. Holder*, 541 F.3d at 1164, the Ninth Circuit concluded that a Washington State conviction for rendering criminal assistance in the second degree is not for an offense relating to obstruction of justice, stating that the language in *Matter of Espinoza* "indicates that the [Board] now concludes that accessory after the fact is an obstruction of justice crime *when* it interferes with an ongoing proceeding or investigation." Given the references in *Matter of Espinoza* to interference with ongoing investigations or prosecutions, the Ninth Circuit's reading is understandable. However, our point was to emphasize that obstruction of justice is not an open-ended term covering all offenses "that have a tendency to, or by their nature do, obstruct justice." *Matter of Espinoza*, 22 I&N Dec. at 894. However, we did not go so far as to hold that obstruction offenses must involve interference with an *ongoing* investigation or proceeding. Rather, the standard we set forth was that an obstruction offense must include "the critical element of an affirmative and intentional attempt, motivated by a specific intent, to interfere with the process of justice." *Id.*

Interference with the "process of justice" does not require the existence of an ongoing investigation or proceeding. In that regard, while our discussion in *Matter of Espinoza* focused on the fact that the Supreme Court has narrowly construed the more open-ended or catchall offenses in the Federal "Obstruction of Justice" chapter, specifically 18 U.S.C. §§ 1503 and 1510 (1994 & Supp. II 1996), we point out that this chapter also includes offenses that are substantially more inchoate than those involving an intent to hinder or prevent another's arrest, trial, conviction, or punishment.

For example, 18 U.S.C. § 1512 (2006) covers a series of offenses involving actions performed with an intent to "hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense." *See Fowler v. United States*, 131 S. Ct. 2045 (2011). Such offenses are classified in chapter 73 of the Federal criminal code as within the category of offenses described as "Obstruction of Justice" and clearly involve conduct

that significantly precedes the onset of any official proceeding, even of an investigative nature. When we consider the additional factor that the aggravated felony provision is described, not in such terms, but rather in the broader terms of one "relating to" obstruction of justice, we find ample reason to conclude that accessory after the fact offenses, under both 18 U.S.C. § 3 and section 32 of the California Penal Code, are categorical aggravated felonies within the meaning of section 101(a)(43)(S) of the Act.[4] *See, e.g.*, *Rodriguez-Valencia v. Holder*, 652 F.3d 1157, 1159 (9th Cir. 2011) ("When interpreting the [Act], we 'construe[] the "relating to" language broadly.'" (quoting *Luu-Le v. INS*, 224 F.3d 911, 915 (9th Cir. 2000))).

We observe that no circuit court of appeals other than the Ninth Circuit has disagreed with our conclusion in *Matter of Batista-Hernandez* that accessory after the fact offenses necessarily relate to obstruction of justice within the meaning of section 101(a)(43)(S) of the Act. However, the Third Circuit, unlike the Ninth Circuit, has declined to accord deference to our interpretation of the phrase "relating to obstruction of justice," because the court has concluded that the phrase is unambiguous. *See Denis v. Att'y Gen. of U.S.*, 633 F.3d 201, 209 (3d Cir. 2011). Analyzing the phrase under a de novo standard of review, the Third Circuit found our definition of the phrase unnecessarily restrictive and adopted a much broader definition. *Id.* at 211-13. Under the Third Circuit's broad reading, a conviction for accessory after the fact would necessarily qualify as an obstruction offense for purposes of section 101(a)(43)(S) of the Act. *See, e.g.*, *Higgins v. Holder*, 677 F.3d 97, 104 (2d Cir. 2012) (observing that "any crime qualifying as an 'offense relating to obstruction of justice' under the [Board's] definition will necessarily constitute an 'offense relating to obstruction of justice' under the Third Circuit's reasoning as well").

The Second Circuit recently considered the meaning of an "offense relating to obstruction of justice" within the context of the aggravated felony definition. *Id.* The court declined to reach the question whether deference

---

[4] In determining whether a specific statute of conviction is one "relating to obstruction of justice" for purposes of section 101(a)(43)(S) of the Act, the Ninth Circuit has deferred to our definition. *Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1086-87 (9th Cir. 2008) ("In determining whether [a] specific crime of conviction is an obstruction-of-justice offense for purposes of [section 101(a)(43)(S)], we rely on the [Board's] definition."); *Salazar-Luviano v. Mukasey*, 551 F.3d 857, 860 (9th Cir. 2008) (stating that "Congress itself did not define the phrase 'offense relation to obstruction of justice' in the [Act]"); *see also Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837. Nevertheless, in *Trung Thanh Hoang v. Holder*, 541 F.3d at 1163, the Ninth Circuit determined that our decision in *Matter of Batista-Hernandez* was "cursory" and thus declined to afford it deference in applying the Board's definition to a specific offense. This decision provides additional analysis in support of our interpretation.

is owed to our interpretation of the term, because the offense under consideration was found to "relat[e] to obstruction of justice" even under our "more restrictive definition" of the phrase, such that it would necessarily be found to "relat[e] to obstruction of justice" under the Third Circuit's more expansive definition.  *Id.* at 104.

In view of the foregoing, we conclude that our holding that accessory after the fact offenses necessarily relate to obstruction of justice within the meaning of section 101(a)(43)(S) of the Act should apply uniformly nationwide. *See generally Matter of U. Singh*, 25 I&N Dec. 670, 672 (BIA 2012) ("An important purpose of Board precedent is the establishment of a uniform interpretation of law in cases before the Immigration Judges and the Board."). We therefore respectfully reaffirm our decision in *Matter of Batista-Hernandez* and clarify our holding in *Matter of Espinoza.  See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967.

In sum, the respondent's offense is one "relating to obstruction of justice." Since the respondent was sentenced to more than 1 year of imprisonment, his conviction is for an aggravated felony under section 101(a)(43)(S) of the Act. We therefore agree with the Immigration Judge's determination that the respondent is removable as charged under section 237(a)(2)(A)(iii) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:**  The appeal is dismissed.