NOT FOR PUBLICATION

FILED

MAR 31 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABISUK SINSAENG, | No. 13-72420 |
| Petitioner, | Agency No. A037-571-413 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued November 21, 2014
Submitted February 2, 2015
San Francisco, California

Before: THOMAS, Chief Judge, CHRISTEN, Circuit Judge, and SEABRIGHT,**
District Judge.

Abisuk Sinsaeng, a native and citizen of Thailand, was convicted of

dissuading a victim or witness in violation of Cal. Penal Code § 136.1(b)(1). The

Immigration Judge ordered him removed to Thailand, finding his conviction to be

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable J. Michael Seabright, District Judge for the U.S.
District Court for the District of Hawaii, sitting by designation.

an aggravated felony because it is an offense relating to obstruction of justice under 8 U.S.C. § 1101(a)(43)(S). Applying the interpretation of "obstruction of justice" articulated in *In re Valenzuela Gallardo*, 25 I. & N. Dec. 838 (BIA 2012), the Board of Immigration Appeals dismissed Sinsaeng's appeal. Sinsaeng now petitions for review.[1]

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D). In light of our decision in *Valenzuela Gallardo v. Lynch*, No. 12-72326, we remand to the Board for either application of the agency interpretation announced in *In re Espinoza Gonzalez*, 22 I. & N. Dec. 889 (BIA 1999), or consideration of a new construction of 8 U.S.C. § 1101(a)(43)(S).

**PETITION GRANTED IN PART, AND REMANDED.**

---

[1] The parties are familiar with the facts, so we do not recount them in detail.

*Sinsaeng v. Lynch*, No. 13-72420

SEABRIGHT, District Judge, dissenting:

I respectfully dissent for the reasons stated in my dissent from the majority

Opinion in *Valenzuela Gallardo v. Lynch*, No. 12-72326.