In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-1784

FLAVIANO VICTORIA-FAUSTINO,

*Petitioner*,

*v.*

JEFFERSON B. SESSIONS III,
Attorney General of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A208-506-162

ARGUED JANUARY 19, 2017 — DECIDED DATE AUGUST 1, 2017

Before FLAUM, MANION, and WILLIAMS, *Circuit Judges*.

WILLIAMS, *Circuit Judge*. During a traffic stop, Flaviano Victoria-Faustino provided the police with a false identity. As a result, he ultimately served a term of two years' imprisonment for obstruction of justice in violation of 720 ILL. COMP. STAT. 5/31-4. Fifteen years later, in 2015, he was arrested again. This time for driving while under the influence of alcohol. Be-

cause Victoria-Faustino is a Mexican national who had re-
sided in this country without authorization for almost 24
years at the time, the Department of Homeland Security
("DHS") initiated removal proceedings. These proceedings
were based upon his 2000 conviction for providing false in-
formation to the police, which DHS determined constituted
an aggravated felony under the Immigration and Nationality
Act ("INA") such that he was subject to expedited removal
procedures.

Victoria-Faustino was notified of DHS's decision to initiate
removal proceedings when he received a Notice of Intent to
Issue a Final Administrative Removal Order ("Notice of In-
tent"). Although he indicated that he wished to contest and/or
to request withholding of removal, he did so based upon his
fear of persecution and torture upon removal to Mexico. He
never challenged DHS's determination that he was removable
based upon his 2000 Illinois conviction. Based upon the boxes
he checked on the Notice of Intent, he was interviewed by an
Asylum Officer, who determined that while Victoria-Faustino
was credible, he had not established that he was entitled to
asylum.

On appeal, Victoria-Faustino argues that his 2000 Illinois
conviction for obstruction of justice does not constitute an ag-
gravated felony under the INA. Because the conviction is not
an aggravated felony, he contends that he was improperly
placed in expedited removal proceedings. The government,
however, asserts that we lack jurisdiction to consider any of
the arguments in Victoria-Faustino's petition as he failed to
file a response to the Notice of Intent.

While the government is correct that the INA generally strips us of jurisdiction to consider an appeal of a Final Administrative Removal Order ("FARO"), we retain jurisdiction to determine whether the underlying conviction upon which the FARO is based is an aggravated felony. Therefore, although Victoria-Faustino failed to respond to the Notice of Intent, we may still consider his arguments that his underlying conviction does not constitute an aggravated felony. Because we find that Victoria-Faustino's 2000 conviction was not properly classified as an aggravated felony, we grant the petition for review and remand to the Board of Immigration Appeals for further proceedings.

## I. BACKGROUND

Flaviano Victoria-Faustino is a Mexican national who entered this country illegally in 1991. He is the father of five children, all of whom live in this country and are United States citizens. Although he returned to Mexico to visit his family in 1999, he re-entered this country illegally once more in January of 2000. Since that time he has resided in the United States without ever obtaining legal authorization to do so.

Victoria-Faustino has had a handful of interactions with law enforcement. Central to this appeal is a 2000 traffic stop, during which he provided his brother's name to police officers in lieu of his own. For this, he was indicted for and ultimately pled guilty to obstruction of justice, in violation of 720 ILL. COMP. STAT. 5/31-4. As a result, he was originally sentenced to 30 days' of imprisonment followed by two years' of probation. But, after two probation violations, he was resentenced to two years' of imprisonment.

Almost fifteen years after this incident, the government initiated removal proceedings after Victoria-Faustino was arrested for driving under the influence of alcohol. He was sentenced to 180 days' imprisonment. On January 25, 2016, DHS issued a Notice of Intent pursuant to 8 U.S.C. § 1228(b). DHS concluded that Victoria-Faustino's 2000 conviction for obstruction of justice constituted an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(S).

The Notice of Intent was personally served upon Victoria-Faustino, who refused to sign or acknowledge its receipt. At the time, he was not represented by counsel, but he checked a box on the form indicating his desire to "Contest and/or Request Withholding of Removal." He expressed that he feared persecution and torture upon his return to Mexico. On February 12, 2016, DHS issued a FARO, which was served upon Victoria-Faustino on February 16, 2016.

Because Victoria-Faustino indicated in response to the Notice of Intent that he feared persecution and torture, he was interviewed by an Asylum Officer. Although at the outset of the interview Victoria-Faustino stated that he had obtained counsel, he did not have a phone number to reach his attorney. Nonetheless, he agreed to continue the interview unrepresented. During the interview, Victoria-Faustino stated that in 1995, he was confronted by a man named Andres who threatened to kill him because of his involvement with a woman with whom Andres had also had a relationship. Andres displayed a rifle and told Victoria-Faustino that he intended to kill him. Andres, however, noted that he would not kill him in the United States, but rather would do so in Mexico, where he could "get away" with it. When Victoria-Faustino returned to Mexico in 1999, he heard that Andres

continued to speak of retribution. While he believed that Andres worked to help people cross the United States' border illegally, he did not believe that he was affiliated with a cartel or gang.

Based upon this interview, the Asylum Officer concluded that while Victoria-Faustino was credible, he had not established that he had experienced past persecution or was at risk of future persecution upon removal to Mexico. Nor had Victoria-Faustino suffered torture while in Mexico. Therefore, his application for asylum was denied. Victoria-Faustino appealed the Asylum Officer's findings. On March 21, 2016, an Immigration Judge upheld the Officer's determination that he was not eligible for asylum. This appeal followed.

## II. ANALYSIS

As a threshold matter, we must determine whether we have jurisdiction to address the merits of this petition. Section 1252(d) provides that a court may only review a final order of removal if the alien has exhausted all administrative remedies available as of right. 8 U.S.C. § 1252(d). Further, the INA strips the judiciary of the authority to review "any final order of removal against an alien who is removable by reason of having committed" an aggravated felony. *See* 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii); *see also Gattem v. Gonzales*, 412 F.3d 758, 762 (7th Cir. 2005) ("The INA … strips the judiciary of authority to review any final order of removal against an alien who is removable by reason of having committed an aggravated felony."). Therefore, relying upon *Fonseca-Sanchez v. Gonzales*, 484 F.3d 439 (7th Cir. 2007), the government argues that the petitioner's failure to respond to the Notice of Intent

deprives us of jurisdiction to consider his arguments on appeal. We review jurisdictional and legal issues raised *de novo*. *See id* at 443.

In *Fonseca-Sanchez*, the petitioner had a criminal history that included convictions for retail theft, shoplifting, and contributing to the delinquency of a minor. DHS issued a Notice of Intent, to which the petitioner failed to respond. We found that this deprived us of jurisdiction to consider her petition for review of the Citizen and Immigration Service's denial of a U-Visa. *Id.* at 444. But, in *Fonseca-Sanchez*, the petitioner did not challenge whether she was removable based upon her criminal convictions. *Id.* at 443. This key distinction is what renders *Fonseca-Sanchez* inapplicable to the present case.

Rather, Victoria-Faustino's petition is more analogous to *Eke v. Mukasey*, 512 F.3d 372 (7th Cir. 2008), where the petitioner, like Victoria-Faustino, failed to seek independent judicial review of the FARO within the allotted time. Instead, the *Eke* petitioner was referred for a credible-fear interview to determine whether his fear of future persecution upon removal to Nigeria had any merit. The petitioner filed a timely petition for review of the BIA's final decision denying him asylum. We concluded that this allowed us to review his claims that his convictions did not classify as aggravated felonies under the INA. In doing so, we stated, "we retain jurisdiction to determine whether we have jurisdiction—that is to determine whether an alien's criminal conviction is indeed an 'aggravated felony,' under the INA … ." *Id.* at 378 (quoting *Lara-Ruiz v. I.N.S.*, 241 F.3d 934, 939 (7th Cir. 2001)) (internal quotation marks omitted).

While here, Victoria-Faustino failed to file a response to the Notice of Intent and refused to sign the form, he did indicate that he wished to contest withholding. Because he indicated that he feared persecution upon removal, a reasonable fear determination interview was conducted, like in *Eke*. Although Victoria-Faustino failed to file a timely response to the Notice of Intent, *Eke* makes clear that we retain jurisdiction to determine whether the petitioner is properly within the expedited proceedings contemplated by Section 238(b) of the INA, *i.e.*, whether he or she has been convicted of an aggravated felony as defined by the INA.[1] *Id.*; *see also Issaq v. Holder,* 617 F.3d 962, 966–97 (7th Cir. 2010) ("Notwithstanding the superficially absolute nature of [§ 1252(a)(2)(c)] ... we have decided that it still permits us to decide whether the person before the court is the one who committed the crime, *and whether the crime was properly characterized as an aggravated felony*.") (emphasis added); *Lopez v. Lynch*, 810 F.3d 484, 488 (7th Cir. 2016) ("Since we review *de novo* whether an alien was convicted of an aggravated felony, it is irrelevant to our analysis that the

---

[1] The dissent contends that "straightforward exhaustion principles should dispose of this case." Dissent at 14. But, as the dissent concedes, we have on a number of occasions stated that the exhaustion requirement is not a "jurisdictional rule in the strict sense that the Supreme Court has emphasized that we follow." *Id.* (citing *Issaq*, 617 F.3d at 968). Rather, "[b]ecause the rule is non-jurisdictional, it is subject to waiver, forfeiture, and *other discretionary considerations*." *Arobelidze v. Holder*, 653 F.3d 513, 517 (7th Cir. 2011) (emphasis added). As the exhaustion requirement is not a jurisdictional rule and because we have been clear that we continue to retain the right to determine whether an individual is properly within the expedited proceedings, we must entertain Victoria-Faustino's arguments on appeal even though he did not raise them to the Board.

BIA's opinion addressed the issue without definitively ruling on the matter.").[2]

And, although the dissent contends that this would open the door for any legal challenge that was not raised to the Board to be heard on appeal, we disagree. Our holding today is narrow: the INA does not deprive an appellate court of jurisdiction to consider whether or not a petitioner is properly within the expedited proceedings.

### A. Illinois Conviction is Not an Aggravated Felony

The INA provides that any alien convicted of an aggravated felony at any point after admission into the United States is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii). The Act renders an alien removable based on the nature of his conviction, not based upon his actual conduct. *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1567 (2017). Under the INA, an alien who is convicted of an aggravated felony "shall be conclusively presumed to be deportable from the United States." 8 U.S.C. § 1228(c). Section 238(b) of the INA permits a final removal order to issue without a hearing. *Id.* § 1228(b)(4). These expedited removal proceedings commence when formal notice is served on the alien. *Id.*; *see also* 8 C.F.R. § 238.1(b)(2)(i) ("Removal proceedings under section 238(b) of the Act shall commence upon personal service of the Notice of Intent upon the

---

[2] The same is not true of Victoria-Faustino's two legal arguments that DHS lacks jurisdiction to issue removal orders and that the Department of Justice's regulations implementing 8 U.S.C. § 1228(b) are *ultra vires* acts. Because these claims were never presented to the administrative agency below, they were not exhausted and, therefore, are not properly before this court.

alien … .”); *Eke*, 512 F.3d at 376–77 (describing expedited removal proceedings under the INA).

While the INA does not define the term “aggravated felony,” it does provide a list of criminal offenses that qualify as such. *See* 8 U.S.C. § 1101(a)(43). One such qualifying offense is “an offense relating to obstruction of justice, perjury or subordination of perjury, or bribery of a witness, for which the term of imprisonment is at least one year … .” *Id.* § 1101(a)(43)(S). Our review of whether the petitioner committed an aggravated felony, and as such was properly in the expedited proceedings, is *de novo*. *Lopez*, 810 F.3d at 488 (citing *Eke*, 512 F.3d at 378).

DHS concluded that Victoria-Faustino was subject to expedited removal proceedings based upon his 2000 Illinois conviction for obstruction of justice pursuant to 720 ILL. COMP. STAT. 5/31-4.[3] On appeal, Victoria-Faustino contends, for the first time, that this conviction does not constitute an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43)(S). The Illinois statute under which he was convicted states, in pertinent part, that “[a] person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he or she knowingly … furnishes false information.” 720 ILL. COMP. STAT. 5/31-4.

To determine whether this provision of Illinois law constitutes the aggravated felony of obstruction of justice under the INA, we must engage in what has been coined the “categorical approach.” *See Esquivel-Quintana*, 137 S. Ct. at 1567–68.

---

[3] The Notice of Intent incorrectly states that Victoria-Faustino was convicted on June 17, 2003. The petitioner concedes that he was not prejudiced by this error.

This requires us to look at the statute of conviction, and not the specific facts underlying it, to determine whether the statute "categorically fits within the generic federal definition of the corresponding aggravated felony." *Id.* at 1563 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)) (internal quotation marks omitted). "Generic" means that the offense "must be viewed in the abstract, to see whether the state statute shares the nature of the federal offense … ." *Moncrieffe*, 569 U.S. at 190. To do so, we must presume that the state conviction "rested upon … the least of th[e] acts criminalized by the statute, and then we determine whether that conduct would fall within the federal definition of the crime." *Esquivel-Quintana*, 137 S. Ct. at 1568 (quoting *Johnson v. United States*, 556 U.S. 133, 137 (2010)) (internal quotation marks omitted).

Unlike other crimes enumerated as aggravated felonies, this provision does not equate a crime relating to the obstruction of justice to a particular federal crime. *Cf.* 8 U.S.C. § 1101(a)(43)(B) (an "'aggravated felony' means … illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)"). Rather, it merely states that an "aggravated felony means … an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year." *Id*. § 1101(a)(43)(S). The petitioner seems to argue that this provision is ambiguous and, that we should provide deference to the Board's interpretation of the phrase, a point the government concedes. It is our practice to give deference to the Board's reasonable interpretation of what constitutes an

aggravated felony under the INA.[4] *Negrete-Rodriguez v. Mukasey*, 518 F.3d 497, 501 (7th Cir. 2008) ("Ordinarily, we review *de novo* the classification of an offense as an aggravated felony, giving deference to the [Board's] reasonable interpretation of the INA.") (quoting *Sharashidze v. Gonzales*, 480 F.3d 566, 568 n.4 (7th Cir. 2007)) (internal quotation marks omitted); *but see Denis v. Att'y Gen. of U.S.*, 633 F.3d 201 (3d Cir. 2011) (finding that the phrase "relating to obstruction of justice" is unambiguous, rendering deference inappropriate).

Yet, the parties dispute how the Board has interpreted the phrase. Victoria-Faustino contends that we must rely upon the Board's decision in *In re Espinoza-Gonzalez*, 22 I. & N. Dec. 889 (B.I.A. 1999) (en banc). There, the Board noted that for a crime to relate to the "obstruction of justice," it must "have as an element interference with the proceedings of a tribunal or require an intent to harm or retaliate against others who cooperate in the process of justice or might otherwise so cooperate." *Id.* at 892. Victoria-Faustino asserts that this contemplates the existence of an ongoing proceeding. The government, however, asks us to rely upon the Board's decision in *In re Valenzuela Gallardo*, 25 I. & N. Dec. 838, 841 (BIA 2012).

In *In re Valenzuela Gallardo*, the Board clarified that the existence of an ongoing proceeding is not an essential element of an "offense relating to the obstruction of justice." 25 I. & N. Dec. 838, 841 (BIA 2012). Therefore, the Board noted that there

---

[4] The dissent contends that we should engage in our own review of the statute's language. But, in doing so, it fails to address our prior precedent that dictates that we give deference to the Board's interpretation of what constitutes an aggravated felony under the INA. Nor does the dissent engage in the categorical approach mandated by *Esquivel-Quintana*, 137 S. Ct. at 1567–68.

are crimes that relate to the obstruction of justice that criminalize conduct "that significantly precedes the onset of any official proceeding, even of an investigative nature." *Id.* at 842–43. After the Board concluded that the petitioner's conviction was an aggravated felony, he appealed to the Ninth Circuit.

On appeal, the Ninth Circuit concluded that although the Board is entitled to deference to its definition of "relating to obstruction of justice," it could not defer to the definition as articulated in *In re Valenzuela Gallardo*. *See Valenzuela Gallardo v. Lynch*, 818 F.3d 808, 822 (9th Cir. 2016). The court found that the new interpretation of the phrase raised "grave constitutional concerns because it uses an amorphous phrase 'process of justice'—without telling us what that phrase means." *Id.* Therefore, the court granted the petition for review and remanded it to the Board for further proceedings. *Id.* at 825. But, the court did note that it did "not hold … that 'ongoing proceedings' is the only permissible anchor for the 'process of justice.'" *Id.* at 820.

In light of the Ninth Circuit's decision to remand the petition to the Board for further proceedings, we will not defer to the *In re Valenzuela Gallardo* articulation of what constitutes a crime relating to the obstruction of justice under the INA. *See Cruz v. Sessions*, No. 15-60857, 2017 WL 2115209, at *1 (5th Cir. May 12, 2017) (remanding petition to the Board for further proceedings because the Board relied on "the now-vacated *Valenzuela Gallardo* decision … .") (unpub.). This leaves us with the definition as articulated in *In re Espinoza-Gonzalez*. Because the Illinois statute under which Victoria-Faustino was convicted does not require interference with the proceed-

ings of a tribunal, it cannot be said that the statute categori-
cally fits within the meaning of the INA's definition of ob-
struction of justice. Therefore, we must remand this petition
to the Board for further proceedings. We caution that we do
not, and need not, determine at this juncture whether Victo-
ria-Faustino is removable under the INA. Rather, we hold that
Victoria-Faustino was improperly placed in the expedited re-
moval proceedings based upon his 2000 Illinois conviction
under 720 ILL. COMP. STAT. 5/31-4.

### III.CONCLUSION

The petitioner's petition for review is GRANTED and the pe-
tition is REMANDED for further proceedings.

MANION, *Circuit Judge*, dissenting. Petitioner Flaviano Victoria-Faustino entered the United States illegally in 1991. In 2000, he was convicted of obstruction of justice in Illinois after he told a police officer during a traffic stop that he was his brother. After he was arrested again in 2015, the Department of Homeland Security initiated expedited removal proceedings against him based on the 2000 conviction. For the first time in this petition, Victoria-Faustino argues that his obstruction of justice conviction doesn't qualify as an aggravated felony that would permit expedited removal. Because he failed to raise that argument to the agency, and failed to respond to the Department's Notice of Intent to Issue a Final Administrative Removal Order, he did not exhaust his available administrative remedies. Therefore, we lack jurisdiction to hear his petition and should dismiss it on that ground. And even if I were to find that we had jurisdiction, I would conclude that Victoria-Faustino's 2000 conviction qualifies as an aggravated felony and thus deny his petition on that basis. I respectfully dissent.

## I. JURISDICTION

Straightforward exhaustion principles should dispose of this case. Congress has told us that we may only review a final order of removal once "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). While it is true that the exhaustion requirement is not "a jurisdictional rule in the strict sense that the Supreme Court has emphasized we must follow," *Issaq v. Holder*, 617 F.3d 962, 968 (7th Cir. 2010),[1] it nevertheless "usually forecloses a petitioner from raising an issue in federal court that

---

[1] The court says that we *must* entertain Victoria-Faustino's petition because the exhaustion requirement is not strictly speaking jurisdictional.

was not raised before the immigration tribunal," *Arobelidze v. Holder*, 653 F.3d 513, 517 (7th Cir. 2011). Indeed, we have thus far recognized only two concrete exceptions to the rule: (1) where the government has waived or forfeited the exhaustion argument; and (2) where the agency has raised and discussed the issue on its own. *Id.*

Neither exception applies here, as the government has argued exhaustion and the proceedings below never addressed whether Victoria-Faustino's 2000 conviction was properly classified as an aggravated felony. While we may also excuse failure to exhaust for "other discretionary reasons," *Duarte-Salagosa v. Holder*, 775 F.3d 841, 846 (7th Cir. 2014), we have never described what those reasons might be. More importantly, the exceptions that do exist are either procedural or directly related to the purposes of the exhaustion requirement, which serves to give the immigration tribunals the first crack at addressing an argument and to give us reasoning to review. See *Arobelidze*, 653 F.3d at 517. Thus, it would be a mistake to create an open-ended catch-all exception that is neither

Maj. Op. at 7 n.1. But that does not follow. Even though we *may* entertain unexhausted petitions in certain instances, this case is not one of them. The court does not explain what sort of discretionary considerations should permit us to waive the requirement, and I can think of none that would be present here. Thus, the general rule should apply.

Moreover, the court's citation of *Issaq* for the proposition that "[n]otwithstanding the superficially absolute nature of [§ 1252(a)(2)(C)]," we may decide the aggravated felony question, is inapposite. As I explain below, I agree that Section 1252(a)(2)(C) is not absolute; it is limited by the questions-of-law exception of Section 1252(a)(2)(D). But this case involves the independent exhaustion provision of Section 1252(d)(1), not the general jurisdiction-stripping statute and exception at issue in *Issaq*. We should simply apply the exhaustion requirement.

procedural nor related to the purposes of exhaustion. Cf. *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 668 (7th Cir. 2014) (discussing the "narrow operation" of the catch-all provision of Fed. R. Civ. P. 60(b), which provides relief from final judgments "for any other reason that justifies relief"). There are no extraordinary circumstances present here that would justify creating such an exception. Cf. *id.* This is an ordinary case wherein the petitioner has failed to preserve an argument for appeal. Section 1252(d)(1) thus prohibits us from considering Victoria-Faustino's petition.

If that weren't enough, we held in *Fonseca-Sanchez v. Gonzales*, 484 F.3d 439 (7th Cir. 2007), that failure to respond to a Notice of Intent deprived us of jurisdiction to hear a petition for review. In that case, the petitioner also failed to respond to a Notice of Intent (as here, issued on the ground that the petitioner had committed an aggravated felony). However, nine days after Immigration and Customs Enforcement (ICE) issued a Final Administrative Removal Order, the petitioner sought interim relief from the Citizenship and Immigration Service (CIS) under the "U" visa statute and requested that ICE stay her removal. Two days before she received a denial from CIS, she filed a petition for review in this court, challenging the removal order. We dismissed the petition for lack of jurisdiction on the ground that she had not raised her "U" visa claim in a response to the Notice of Intent. *Id.* at 444. We held that the petitioner had to make that claim in the response even though ICE had no authority to grant the "U" visa relief, because it could have stayed her removal or declined to issue a final removal order. *Id.* In short, the failure to raise a particular claim in a response to a Notice of Intent deprived us of power to adjudicate that claim. The same should be true here.

The court tries to distinguish *Fonseca-Sanchez* on the ground that the petitioner in that case never argued that his conviction wasn't an aggravated felony, but that is irrelevant. The court concludes otherwise by mixing two independent jurisdictional statutes: (1) the statute stripping the federal courts of jurisdiction to review final orders of removal except for "constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(C)–(D); and (2) the exhaustion requirement, 8 U.S.C. § 1252(d)(1). In effect, the court says that we have jurisdiction here because Victoria-Faustino presents a question of law, without regard to whether he has properly presented that question by first exhausting his administrative remedies. That is incorrect. Properly understood, the exhaustion requirement is a separate jurisdictional limitation that limits our power to hear even challenges that raise questions of law.

A look at the statutory language should suffice to demonstrate this. Section 1252(a)(2)(C) is a jurisdiction-stripping statute—it deprives us of power to "review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of [Title 8]." Section 1227(a)(2)(A)(iii) covers the class of aggravated felonies, so ordinarily we would lack jurisdiction to review a challenge to a final removal order on these grounds. However, 8 U.S.C. § 1252(a)(2)(D) contains an exception for "constitutional claims or questions of law" raised in a petition. So, standing alone, Section 1252(a)(2)(D) would permit us to decide the question presented here.

But that subsection doesn't stand alone; it is further limited by Section 1252(d)(1). That provision says that, even

among the limited class of challenges to final removal orders that we may generally entertain (ones that present questions of law), we still may not hear a petition unless the petitioner has exhausted all available administrative remedies. Thus, the statutory scheme limits our jurisdiction in these cases to questions of law that have been properly presented to the agency. While Victoria-Faustino's petition presents a question of law, his argument was not properly presented below, so we still lack jurisdiction.

It would make little sense otherwise. If the "questions of law" exception to the jurisdiction-stripping statute overrides the exhaustion requirement, then the latter would be meaningless. After all, the requirement only applies to reviews of final orders of removal, and we only have jurisdiction to conduct such reviews if the petitioner presents a question of law. So *every* challenge to a final order of removal that we can entertain will necessarily present a question of law (or we wouldn't have jurisdiction in the first place). Thus, under the court's reasoning, the exhaustion requirement would never apply.[2] We don't generally read entire subsections of statutes out of existence, and we shouldn't do so here. See *Corley v. United States*, 556 U.S. 303, 314 (2009) ("one of the most basic

---

[2] The court claims that its holding is narrow, referring only to jurisdiction over challenges to placement in expedited removal. But I do not see how that can be true. This petition is a challenge to a final removal order, and the court's reasoning necessarily applies to all challenges to final removal orders. As I explain above, we have limited jurisdiction to consider such petitions anyway. But the court's holding makes it so that any presentation of a question of law will override the exhaustion requirement of Section 1252(d)(1). In any case, the court's holding will permit us to consider many more unexhausted arguments in immigration petitions in the future.

interpretive canons" is that a statute should be construed "so that no part will be inoperative or superfluous, void or insignificant" (internal quotation marks omitted)).

The court is also incorrect that *Eke v. Mukasey*, 512 F.3d 372 (7th Cir. 2008), dictates a different result. As our sister circuit observed, "[i]n *Eke*, the court failed to mention, let alone cite, the exhaustion provision." *Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1288 (11th Cir. 2014). *Eke* shouldn't be considered binding authority on a statute which it did not cite.[3] Moreover, even if *Eke* were an exhaustion case, it would be distinguishable for two reasons. First, the government's concession that we had jurisdiction in that case is enough under our precedents to waive the exhaustion requirement. And second, to the extent the *Eke* court considered exhaustion principles at all, it arguably concluded that the petitioner had done enough to exhaust his remedies below. See *Eke*, 512 F.3d at 378 (the court was "satisfied that Eke has been trying to raise the argument that his convictions, for various reasons, should not automatically lead to his removal"). In my view, *Eke* is inapposite and this case is governed by general principles of exhaustion of remedies.[4]

---

[3] Moreover, in the nine years since *Eke* was decided, we have never cited it for the proposition that a petitioner may avoid the exhaustion requirement by presenting a question of law in his petition. One would think that if such a rule existed, we would have discovered it before today.

[4] To the extent *Eke* does stand for the proposition that we have jurisdiction to decide any legal challenge in a petition without regard to exhaustion, I believe that it was wrongly decided for the reasons stated by the Eleventh Circuit in *Malu*, 764 F.3d at 1288, and the Eighth Circuit in *Escoto-Castillo v. Napolitano*, 658 F.3d 864, 866 (8th Cir. 2011).

In summary, I would conclude that we lack jurisdiction because Victoria-Faustino failed to exhaust his administrative remedies and none of the recognized exceptions to exhaustion applies. He cannot avoid the exhaustion requirement by simply presenting a question of law in his petition. Therefore, we should dismiss the petition.

## II. MERITS

Although I believe we lack jurisdiction, I will respond briefly to the court's argument that Victoria-Faustino's 2000 conviction was not properly classified as an aggravated felony. The relevant definitional subsection says that an aggravated felony includes "an offense relating to obstruction of justice." 8 U.S.C. § 1101(a)(43)(S). The Supreme Court has told us that the ordinary meaning of "relating to" "is a broad one," meaning "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (quoting Black's Law Dictionary 1158 (5th ed. 1979)). And, since the statute lacks a definition of "obstruction of justice," we use the common definition: "Interference with the orderly administration of law and justice, as by giving false information to or withholding evidence from a police officer or prosecutor ... ." Black's Law Dictionary 1105 (7th ed. 1999).

The Illinois obstruction of justice statute under which Victoria-Faustino was convicted provides that "[a] person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he or she knowingly … furnishes false information." 720 Ill. Comp. Stat. 5/31-4. The definition of obstruction of justice in the Illinois statute almost exactly tracks the general definition, and

it certainly "relates" to that definition. Thus, we should not need to consult any contradictory decisions of the Board of Immigration Appeals. We should simply apply the statute as it is written. We should conclude that violation of the Illinois statute is a crime "relating to obstruction of justice."

### III. CONCLUSION

This is a simple case. Petitioner Flaviano Victoria-Faustino has presented an argument that the Department of Homeland Security improperly classified his prior conviction as an aggravated felony. But he failed to raise that argument until this petition. Therefore, 8 U.S.C. § 1252(d)(1) and this court's exhaustion-of-remedies precedent preclude our review. Moreover, even if we had jurisdiction, the statute under which Victoria-Faustino was convicted certainly is one "relating to obstruction of justice." Thus, we should either dismiss this petition for lack of jurisdiction or deny it on the merits.

I respectfully dissent.