# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2017

Lyle W. Cayce
Clerk

No. 15-60857

LUIS MIGUEL GUIDO CRUZ, also known as Luis Miguel Guido,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A046 617 352

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Luis Miguel Guido Cruz appeals the determination by the Board of Immigration Appeals that he must be deported because his prior conviction for tampering with or fabricating evidence under Tex. Pen. Code § 37.09 qualifies as an "aggravated felony" because is it an "offense relating to obstruction of justice" under 8 U.S.C. § 1101(a)(43)(S). In reaching its conclusion, the Board below relied on its decision in *Matter of Valenzuela Gallardo*, 25 I. & N. Dec.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

838, 841 (BIA 2012), in which it held that "the existence of [an ongoing criminal investigation or trial] is not an essential element of 'an offense relating to obstruction of justice.'" However, after briefing in this matter concluded, the Ninth Circuit vacated the *Valenzuela Gallardo* definition, finding that it was unconstitutionally vague, and remanded for reconsideration and development of an appropriate standard. *Valenzuela Gallardo v. Lynch*, 818 F.3d 808, 811 (9th Cir. 2016).

Because the BIA below relied exclusively on the now-vacated *Valenzuela Gallardo* decision, we remand this case to the Board for reconsideration in the light of this development. We make no suggestion as to whether the Ninth Circuit's ruling was correctly decided or whether *Valenzuela Gallardo* provided an appropriate standard.[1]

Accordingly, Guido Cruz's Petition for Review is GRANTED and this case is REMANDED for further proceedings.

---

[1] This Court had previously afforded deference to the Board's definition of "offense relating to obstruction of justice" set forth in *In Re Espinoza-Gonzalez*, 22 I. & N. Dec. 889 (BIA 1999). *See Alwan v. Ashcroft*, 388 F.3d 507, 510 (5th Cir. 2004); *United States v. Gamboa-Garcia*, 620 F.3d 546, 549 (5th Cir. 2010). *Valenzuela Gallardo* purported to clarify the *Espinoza-Gonzalez* definition to show that "the existence of [an ongoing criminal investigation or trial] is not an essential element of 'an offense relating to obstruction of justice.'" *Valenzuela Gallardo*, 25 I. & N. Dec. at 841. That clarification is directly implicated in this case because Tex. Pen. Code § 37.09(d)(1) punishes one who "knowing that an offense has been committed, alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in any *subsequent* investigation of or official proceeding related to the offense." *Id.* § 37.09(d)(1) (emphasis added). We make no suggestion as to whether Guido Cruz's statute of conviction satisfies the standard as set forth in *Espinoza-Gonzalez*.