# Matter of Agustin VALENZUELA GALLARDO, Respondent

*Decided September 11, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An "offense relating to obstruction of justice" under section 101(a)(43)(S) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(S) (2012), encompasses offenses covered by chapter 73 of the Federal criminal code, 18 U.S.C. §§ 1501–1521 (2012), or any other Federal or State offense that involves (1) an affirmative and intentional attempt (2) that is motivated by a specific intent (3) to interfere either in an investigation or proceeding that is ongoing, pending, or reasonably foreseeable by the defendant, or in another's punishment resulting from a completed proceeding. *Matter of Valenzuela Gallardo*, 25 I&N Dec. 838 (BIA 2012), *clarified*.

(2) A conviction for accessory to a felony under section 32 of the California Penal Code that results in a term of imprisonment of at least 1 year is a conviction for an aggravated felony offense relating to obstruction of justice under section 101(a)(43)(S) of the Act.

FOR RESPONDENT: Frank P. Sprouls, Esquire

FOR THE DEPARTMENT OF HOMELAND SECURITY: Donald W. Cassidy, Associate Legal Advisor

BEFORE: Board Panel: GUENDELSBERGER, MALPHRUS, LIEBOWITZ, Board Members.

MALPHRUS, Board Member:

This case is before us on remand from the United States Court of Appeals for the Ninth Circuit for further consideration of the respondent's removability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of an aggravated felony. *Valenzuela Gallardo v. Lynch*, 818 F.3d 808 (9th Cir. 2016). The respondent's appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on May 23, 2002. On December 28, 2007, he was convicted of accessory to a felony in violation of section 32 of the California Penal Code and was sentenced to 16 months

in prison.[1]  Based on this conviction, the respondent was placed in removal proceedings where an Immigration Judge found him removable under section 237(a)(2)(A)(iii) of the Act, as an alien convicted of an aggravated felony offense relating to obstruction of justice under section 101(a)(43)(S) of the Act, 8 U.S.C. § 1101(a)(43)(S) (2012).  The respondent contested his removability before the Immigration Judge, arguing that his conviction was not an offense relating to obstruction of justice because it did not relate to an ongoing judicial proceeding, and he filed a motion to terminate his proceedings.  The Immigration Judge found that the definition of an offense relating to obstruction of justice under the Act is not limited to obstruction offenses involving an ongoing judicial proceeding.  He then denied the respondent's motion and ordered him removed to Mexico.

We dismissed the respondent's appeal from the Immigration Judge's decision and denied his motion to reconsider our order in this regard.  On May 17, 2011, the Ninth Circuit issued its decision in *Trung Thanh Hoang v. Holder*, 641 F.3d 1157 (9th Cir. 2011).  In that case, the court looked to our two prior precedents interpreting section 101(a)(43)(S) and held that a crime is an offense relating to obstruction of justice under that provision when "it interferes with an ongoing proceeding or investigation." *Id.* at 1164.

In light of the Ninth Circuit's decision in *Hoang*, we sua sponte reopened the respondent's appeal for further consideration of his removability.  On June 27, 2012, we issued a published decision, clarifying our prior precedents interpreting section 101(a)(43)(S) of the Act and holding that an offense relating to obstruction of justice must have as an element "the affirmative and intentional attempt, with specific intent, to interfere with the *process of justice . . . .*  [T]he existence of [an ongoing criminal investigation or trial] is not an essential element of 'an offense relating to obstruction of justice.'" *Matter of Valenzuela Gallardo*, 25 I&N Dec. 838, 841 (BIA 2012) (emphasis added) (citation omitted).  Because a violator of section 32 of the California Penal Code must act with the intent to aid a principal in avoiding arrest, trial, conviction, or punishment, we concluded that the respondent's State crime has as an element the affirmative and intentional attempt, with specific intent, to interfere with the process of justice and is therefore an offense relating to obstruction of justice. *See id.* at 841–42.

---

[1]  At the time of the respondent's conviction, section 32 of the California Penal Code provided:

> Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony.

The respondent filed a petition for review of our decision, which the Ninth Circuit granted, concluding that our definition of "an offense relating to obstruction of justice" is impermissibly "vague" because it does "not give[] an indication of what it does include in 'the process of justice,' or where that process begins and ends." *Valenzuela Gallardo*, 818 F.3d at 819. Based on this conclusion, the court remanded the case to us either "for consideration of a new construction or application of the interpretation [of section 101(a)(43)(S) we] previously announced in" *Matter of Espinoza*, 22 I&N Dec. 889 (BIA 1999), to which the Ninth Circuit had deferred in *Hoang*, 641 F.3d at 1161. *Valenzuela Gallardo*, 818 F.3d at 812–13.

## II. ANALYSIS

Section 101(a)(43)(S) of the Act defines an aggravated felony as "an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year." To establish whether the respondent's conviction is for "an offense relating to obstruction of justice" under section 101(a)(43)(S), we apply the categorical approach by focusing on whether the elements of his State statute of conviction proscribe conduct that categorically falls within the Federal generic definition of an offense relating to obstruction of justice. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).

The Ninth Circuit found the "phrase . . . 'process of justice'" in the generic definition of an offense relating to obstruction of justice we articulated in *Matter of Valenzuela Gallardo* to be "amorphous." *Valenzuela Gallardo*, 818 F.3d at 822. The court stated, "Absent some indication of the contours of 'process of justice,' an unpredictable variety of specific intent crimes could fall within it, leaving us unable to determine what crimes make a criminal defendant deportable under [section] 101(a)(43)(S) and what crimes do not." *Id.* at 820.[2] We respectfully take the opportunity to clarify our prior precedents regarding the contours of the generic definition of an aggravated felony offense relating to obstruction of justice under section 101(a)(43)(S) of the Act. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council,*

---

[2]   In the wake of the Ninth Circuit's determination that the phrase "process of justice" in our definition of an offense relating to obstruction of justice is impermissibly vague, the Fifth and Seventh Circuits have declined to defer to our decision in *Matter of Valenzuela Gallardo*. *See Victoria-Faustino v. Sessions*, 865 F.3d 869, 876 (7th Cir. 2017) (applying the definition outlined in *Matter of Espinoza*); *Cruz v. Sessions*, 689 F. App'x 328, 329 (5th Cir. 2017) (per curiam) (remanding an alien's petition for review to us for further proceedings because we had relied on "the now-vacated *Valenzuela Gallardo* decision" but reserving judgment "as to whether the Ninth Circuit's ruling was correctly decided or whether *Valenzuela Gallardo* provided an appropriate standard").

*Inc.*, 467 U.S. 837, 866 (1984); *see also Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005).

The Ninth Circuit has recognized that the language of section 101(a)(43)(S) is ambiguous because it does not clearly answer whether an offense relating to obstruction of justice must involve interference in an ongoing investigation or proceeding. *See Valenzuela Gallardo*, 818 F.3d at 815–19, 824;[3] *see also Matter of Valenzuela Gallardo*, 25 I&N Dec. at 839 (citing *Hoang*, 641 F.3d at 1060–61). Because that language is susceptible to varying interpretations in this regard, it is our duty to resolve any "ambiguities in [that] statute[]" and "to fill the statutory gap in reasonable fashion." *Negusie v. Holder*, 555 U.S. 511, 523 (2009) (citation omitted) (internal quotation mark omitted); *see also, e.g.*, *Matter of Richmond*, 26 I&N Dec. 779, 788 (BIA 2016).

The Act does not define the phrase "obstruction of justice." We therefore find it appropriate to adopt a generic definition "based on the 'generic, contemporary meaning' of [that phrase] at the time the statute was enacted." *Matter of Sanchez-Lopez*, 27 I&N Dec. 256, 260–61 (BIA 2018) (citation omitted); *see also Taylor v. United States*, 495 U.S. 575, 598 (1990). To do so, we survey Federal and State law,[4] Federal sentencing guidelines, the

---

[3] The court found that our interpretation of section 101(a)(43)(S) was impermissibly vague after applying the canon of constitutional avoidance. *See Valenzuela Gallardo*, 818 F.3d at 815–19. This canon only applies to ambiguous statutes, "susceptible [to] more than one plausible construction." *Jennings v. Rodriguez*, 138 S. Ct. 830, 842 (2018) (citation omitted) (internal quotation mark omitted). The Third Circuit is the only court that has concluded that the phrase "an offense relating to obstruction of justice" under section 101(a)(43)(S) is unambiguous, and, for this reason, it does not defer to our interpretation of that phrase. *See, e.g.*, *Flores v. Att'y Gen. U.S.*, 856 F.3d 280, 287 n.23 (3d Cir. 2017).

[4] State law is of limited benefit to our analysis because there is no discernible pattern in how the States treated the concept of obstruction of justice in their criminal statutes in 1996, and thus we will primarily look to Federal law for guidance. When section 101(a)(43)(S) was enacted, only 17 States used phrases like "obstruction of justice" and "obstructing justice" to define certain crimes. *See* Colo. Rev. Stat. §§ 18-8-101–116 (1996); Fla. Stat. §§ 843.01–.19 (1996); Haw. Rev. Stat. § 710-1072.5 (1996); 720 Ill. Comp. Stat. 5/31-4 (1996); Ind. Code § 35-44-3-4 (1996); Iowa Code §§ 719.1–.8 (1996); La. Rev. Stat. Ann. § 14:130.1 (1996); Miss. Code. Ann. § 97-9-55 (1996); Mont. Code Ann. § 45-7-303 (1996); N.C. Gen. Stat. §§ 14-221–227 (1996); Ohio Rev. Code Ann. § 2921.32 (1996); R.I. Gen. Laws §§ 11-32-1–7 (1996); Tenn. Code Ann. §§ 39-16-601–609 (1996); Utah Code Ann. § 76-8-306 (1996); Vt. Stat. Ann. tit. 13, § 3015 (1996); Va. Code Ann. § 18.2-460 (1996); Wis. Stat. § 946.65 (1996). Of these jurisdictions, three States limited the concept of obstruction of justice to offenses involving interference in a pending or ongoing investigation or judicial proceeding. *See* Haw. Rev. Stat. § 710-1072.5; Ind. Code § 35-44-3-4; Wis. Stat. § 946.65. The remaining jurisdictions extended this concept to offenses involving interference with a criminal investigation or a *reasonably foreseeable* proceeding. *See* Colo. Rev. Stat. § 18-8-105 (proscribing accessory to a crime); Fla. Stat.

Model Penal Code, and scholarly commentary to determine the common meaning of the phrase "obstruction of justice" in 1996, when section 101(a)(43)(S) was enacted.[5] *See Matter of Alvarado*, 26 I&N Dec. 895, 897 (BIA 2016); *see also Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1570–72 (2017) (employing a similar analysis to discern the definition for "sexual abuse of a minor" under section 101(a)(43)(A) of the Act).

### A. Interference in an Investigation or Proceeding

We have previously looked to chapter 73 of the Federal criminal code, *see* 18 U.S.C. §§ 1501–1520 (2006), which lists a number of offenses under the heading "Obstruction of Justice," for guidance regarding the contours of section 101(a)(43)(S). *See Matter of Valenzuela Gallardo*, 26 I&N Dec. at 842–43; *see also Matter of Espinoza*, 22 I&N Dec. at 892–94 & n.4. Many of the provisions listed under chapter 73 require interference in an ongoing investigation or proceeding. *See Matter of Espinoza*, 22 I&N Dec. at 892. "The intent of the two broadest provisions, § 1503 (prohibiting persons from

§§ 843.01, .02, .08 (criminalizing obstructing or impersonating a police officer investigating a crime); Iowa Code §§ 719.1–.2 (resisting arrest and failing or refusing to assist an officer in making an arrest); La. Rev. Stat. Ann. § 14:130.1 ("The crime of obstruction of justice is . . . committed with the knowledge that such act has, *reasonably may*, or will affect an actual or potential present, past, or *future* criminal proceeding . . . ." (emphases added)); Mont. Code Ann. § 45-7-303(2)(a)–(b) (criminalizing, inter alia, harboring, concealing, or warning an offender of "*impending* discovery or apprehension" (emphasis added)); N.C. Gen. Stat. § 14-223, 225 (resisting arrest and false reporting to a police officer); Ohio Rev. Code Ann. § 2921.32(A)(1), (3) (same); R.I. Gen. Laws §§ 11-32-1, -2 (obstructing an officer in the execution of his or her duties and false reporting of a crime); Tenn. Code Ann. § 39-16-603 (evading arrest); Utah Code Ann. § 76-8-306(b), (e) (harboring, concealing, or warning an offender of impending discovery or apprehension); *People v. Jenkins*, 964 N.E.2d 1231, 1240–41 (Ill. App. Ct. 2012) (indicating that an individual may be convicted of obstruction of justice for furnishing false information to a police officer immediately after a crime has been committed but before it has been discovered); *Wilbourn v. State*, 164 So. 2d 424, 425–26 (Miss. 1964) (suggesting that obstructing justice extends to interference with a police investigation *before* a judicial proceeding is instituted as long as that interference is accompanied by "threats, force or abuse"); *State v. O'Neill*, 682 A.2d 943, 946 (Vt. 1996) (holding that "advocating the making of false statements and destroying material evidence" qualifies as obstruction of justice because the Vermont statute at issue "makes no reference to a 'pending proceeding' requirement, and such a requirement is not necessary to reasonably limit the law to a proper scope"); *Turner v. Commonwealth*, 460 S.E.2d 605, 607 (Va. Ct. App. 1995) (indicating that obstructing law enforcement officers in the lawful discharge of their duties does not require proof of interference in an ongoing or pending proceeding).

[5]  Section 101(a)(43)(S) was added to the Act by section 440(e)(8) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1276–78.

influencing or injuring an officer or juror generally) and § 1510 (prohibiting obstruction of criminal investigations), is to protect individuals assisting in a federal investigation or judicial proceeding and to prevent a miscarriage of justice in any case pending in a federal court." *Id.*[6]

However, several crimes proscribed under chapter 73 do not contain this limitation. *See* 18 U.S.C. §§ 1512, 1519 (2012). In fact, prior to the enactment of section 101(a)(43)(S), chapter 73 proscribed, among other things, the knowing use of intimidation, physical force, threats, corrupt persuasion, or misleading conduct

> toward *another person*, with the intent to—
>     (1) influence, delay, or prevent the testimony of any person in an official proceeding;
>     (2) cause or induce a person to—
>       . . . .
>       (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding; [or]
>       . . . .
>     (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to *the commission or possible commission of a Federal offense* or a violation of conditions of probation, parole, or release pending judicial proceedings . . . .

18 U.S.C. § 1512(b) (1994) (emphases added).

It also proscribed intentionally harassing another and thereby hindering, delaying, preventing, or dissuading another person from

---

[6]  Interpreting § 1503, which proscribes, inter alia, "obstruct[ing], or imped[ing] the due administration of justice," the Supreme Court held that a violator of that provision must take action "with an intent to influence judicial or grand jury proceedings." *United States v. Aguilar*, 515 U.S. 593, 598–99 (1995). Likewise, the Supreme Court recently concluded that the phrase "obstruct or imped[e] the due administration of [the Internal Revenue Code]" in 26 U.S.C. § 7212(a) (2012) "refers to specific interference with targeted governmental tax-related proceedings, such as a particular investigation or audit." *Marinello v. United States*, 138 S. Ct. 1101, 1104 (2018) (first alteration in original). However, the Court in *Marinello* ultimately held that such a proceeding need not be "pending at the time the defendant engaged in the obstructive conduct [as long as it] was then *reasonably foreseeable by the defendant*." *Id.* at 1110 (emphasis added). Significantly, the decisions in *Aguilar* and *Marinello* were based on the fact that the object of the word "obstruct" in §§ 1503 and 7212(a) was "the due administration of" justice or a particular title of the United States Code, respectively. *Id.* at 1106. By contrast, the object of "obstruction" in section 101(a)(43)(S) is simply the word "justice," suggesting that Congress intended section 101(a)(43)(S) of the Act to apply more broadly than the provisions at issue in *Aguilar* and *Marinello*.

(2) reporting to a law enforcement officer or judge of the United States *the commission or possible commission of a Federal offense* or a violation of conditions of probation, parole, or release pending judicial proceedings;
    (3) arresting or seeking the arrest of another person in connection with a Federal offense; . . .
        . . . .
    or attempt[ing] to do so . . . .

18 U.S.C. § 1512(c) (emphasis added).

For purposes of these crimes, "an official proceeding need not be *pending or about to be instituted* at the time of th[e] offense."  18 U.S.C. § 1512(e)(1) (emphasis added);[7] *see also, e.g.*, *United States v. Scaife*, 749 F.2d 338, 348 (6th Cir. 1984).  Moreover, prior to the enactment of section 101(a)(43)(S), it was well settled that interference in an ongoing or pending proceeding was not a necessary element of the crimes listed in § 1512—rather, the Government needed only to establish that an individual acted with the intent to frustrate an investigation or proceeding that he or she believed *might* be instituted.  *See, e.g.*, *United States v. Stansfield*, 101 F.3d 909, 918 (3d Cir. 1996) (collecting cases), *abrogation recognized by United States v. Tyler*, 732 F.3d 241, 251–52 (3d Cir. 2013).

Following the enactment of section 101(a)(43)(S), courts continued to hold that interference in an ongoing or pending investigation or proceeding was not a necessary element of § 1512, finding that interference in a *reasonably foreseeable* investigation or proceeding may be sufficient.  *See Arthur Andersen LLP v. United States*, 544 U.S. 696, 707–08 (2005) (requiring the Government to prove that a proceeding was "foreseen" to convict a defendant of persuading others to shred documents under § 1512); *United States v. Veal*, 153 F.3d 1233, 1250 (11th Cir. 1998) (providing that § 1512 "does not depend on the existence or imminency of a federal case or investigation but rather on the *possible* existence of a federal crime and a defendant's intention to thwart an inquiry into that crime"), *abrogation recognized by United States v. Chafin*, 808 F.3d 1263, 1274 (11th Cir. 2015). Recently, the Supreme Court in *Marinello v. United States*, 138 S. Ct. 1101, 1110 (2018), synthesized the Court's prior precedents interpreting offenses under chapter 73 and concluded that the Government must show that the proceeding was, at least, "*reasonably foreseeable by the defendant*" at the time of the obstructive conduct.  (Emphasis added.)

---

[7]  This language was originally added to the statute by section 4(a) of the Victim and Witness Protection Act of 1982, Pub. L. No. 97-291, 96 Stat. 1248, 1249–50 (codified at 18 U.S.C. § 1512(d)(1) (1982)).  It was redesignated as § 1512(e)(1) and later as § 1512(f)(1).  *See* Corporate Fraud Accountability Act of 2002, Pub. L. No. 107-204, § 1102, 116 Stat. 745, 807; Criminal Law and Procedures Technical Amendment 1986, Pub. L. No. 99-646, § 61, 100 Stat. 3592, 3614.

Finally, the relevant legislative history indicates that Congress intended § 1512 to reach obstruction offenses committed prior to the commencement of any investigation by law enforcement. S. Rep. No. 97-532, at 19 (1982), *as reprinted in* 1982 U.S.C.C.A.N. 2515, 2525 (stating that this provision is intended to "specifically reach[] intimidation offenses committed *before a crime is reported* to the appropriate authorities" (emphasis added)). It is reasonable to presume that Congress was aware of the legislative history of § 1512 and long-standing judicial interpretations of that provision when it enacted section 101(a)(43)(S) of the Act.

Based on the foregoing analysis of chapter 73, we conclude that Congress did not intend interference in an ongoing or pending investigation or proceeding to be a necessary element of an "offense relating to obstruction of justice" under the Act. [8] Rather, it intended an offense relating to obstruction of justice to cover crimes involving (1) an affirmative and intentional attempt (2) that is motivated by a specific intent (3) to interfere with an investigation or proceeding that is ongoing, pending, *or* "reasonably foreseeable by the defendant." *Marinello*, 138 S. Ct. at 1110; *Aguilar*, 515 U.S. at 599 ("[I]f the defendant lacks knowledge that his actions are *likely to affect* the judicial proceeding, he lacks the requisite intent to obstruct." (emphasis added)). [9] If we were to conclude otherwise, a conviction for either witness tampering under § 1512 or obstruction of a Federal investigation under § 1519 would never be a predicate for removal under section 101(a)(43)(S). *See Descamps v. United States*, 570 U.S. 254, 276 (2013) (holding that where a statute of conviction is missing an element of the generic offense, "a person convicted under that statute is never convicted of the generic crime"). It is highly unlikely that Congress intended this result. [10]

---

[8] In 2002, Congress expanded chapter 73 by adding § 1519, which proscribes obstructing, among other things, "the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States." *See* Corporate and Criminal Fraud Accountability Act of 2002, Pub. L. No. 107-204, § 802(a), 116 Stat. 745, 800. This "section covers conduct intended to impede *any* federal investigation or proceeding, including *one not even on the verge of commencement*." *Yates v. United States*, 135 S. Ct. 1074, 1087 (2015) (emphases added). The addition of § 1519 further indicates that Congress did not intend interference in an ongoing or pending investigation or proceeding to be a necessary element of "obstruction of justice" when it enacted section 101(a)(43)(S).

[9] Accordingly, when we stated that an offense relating to obstruction of justice under the Act must "interfere with the process of justice'" in *Matter of Valenzuela Gallardo*, 25 I&N Dec. at 841 (quoting *Matter of Espinoza*, 22 I&N Dec. at 896), we should have said that section 101(a)(43)(S) reaches crimes that interfere with an investigation or proceeding that is ongoing, pending, or reasonably foreseeable by the defendant.

[10] Because Congress did not intend an ongoing or pending investigation or proceeding to be a necessary element of obstruction of justice offenses in section 101(a)(43)(S), the fact that the phrase "obstruction of justice" in that provision appears alongside "perjury" and

## B.  Accessory After the Fact

Chapter 73 provides important guidance for discerning the common understanding of the phrase "obstruction of justice" when Congress enacted section 101(a)(43)(S), and we agree with the Ninth Circuit that there must be limits on what offenses this phrase covers.  However, it is not reasonable to conclude that Congress intended chapter 73 to be our sole reference under Federal law.  We believe that 18 U.S.C. § 3 (1994), which proscribes accessory after the fact but is not part of chapter 73, is also important for discerning the commonly understood meaning of the phrase "obstruction of justice" in the Act.  In fact, the nature and elements of this crime are critical to understanding the full contours of the phrase "obstruction of justice" outside of chapter 73.

According to § 3, "Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact."[11]  An individual may be convicted of accessory after the fact under § 3 if he acts with the specific intent to interfere in an ongoing, pending, or reasonably foreseeable investigation or proceeding.  *See United States v. Lopez*, 482 F.3d 1067, 1076 (9th Cir. 2007) (interpreting § 3 as requiring the "specific intent to *frustrate law enforcement*" (emphasis added)); *see also* 2 Wayne R. LaFave, Substantive Criminal Law § 13.6(a) (3d ed. Oct. 2017) (same).  The plain language of this provision also encompasses knowingly assisting an individual convicted of a crime with the specific intent to interfere in his punishment resulting from a completed proceeding.  *See Matter of Batista-Hernandez*, 21 I&N Dec. 955, 962 (BIA 1997); *see also United States v. Hobson*, 519 F.2d 765, 769 (9th Cir. 1975) (concluding that individuals who assisted a convict following his escape from prison were guilty of accessory after the fact).

For more than half a century, the crime of accessory after the fact under Federal and State law has been regarded as a form of obstruction of justice.  *See Virgin Islands v. Aquino*, 378 F.2d 540, 553 (3d Cir. 1967); LaFave, *supra*, § 13.1 ("[T]he accessory after the fact is . . . one who has obstructed justice . . . ." (citing *State v. Rundle*, 500 N.W.2d 916 (Wis. 1993))); 4 Wharton's Criminal Law, § 570 (15th ed. Sept. 2017) ("This kind of accessory is coming to be recognized for what he is:  an 'obstructer' of justice . . . ." (citing, inter alia, *State v. Lynch*, 399 A.2d 629 (N.J. 1979))).

---

"bribery" (criminal offenses "tied to proceedings") does not persuasively inform our understanding of Congress' intent for that phrase.  *Valenzuela Gallardo*, 818 F.3d at 821.

[11]  This provision has remained unchanged since it was added to the United States Code by section 3 of Crimes and Criminal Procedure, ch. 645, 62 Stat. 683, 684 (1948).

In fact, when section 101(a)(43)(S) was enacted, there was a consensus among the Federal courts, and the drafters of the Federal Sentencing Guidelines and the Model Penal Code, that accessory after the fact under § 3 was a form of obstruction of justice. For instance, it was well settled in most Federal circuit courts in 1996 that "[t]he gist of being an accessory after the fact" under § 3 "lies essentially in *obstructing justice* by rendering assistance to hinder or prevent the arrest of the offender after he [or she] has committed the crime." *United States v. Brown*, 33 F.3d 1002, 1004 (8th Cir. 1994) (emphasis added) (citation omitted); *see also United States v. Huppert*, 917 F.2d 507, 510 (11th Cir. 1990) (same), *superseded by statute as recognized by United States v. McQueen*, 86 F.3d 180, 183 (11th Cir. 1996); *United States v. Balano*, 618 F.2d 624, 631 (10th Cir. 1979) (same), *abrogated on other grounds by Richardson v. United States*, 468 U.S. 317, 325-26 (1984); *United States v. Willis*, 559 F.2d 443, 444 (5th Cir. 1977) (per curiam) (same); *United States v. Barlow*, 470 F.2d 1245, 1252–53 (D.C. Cir. 1972) (same);[12] *Aquino*, 378 F.2d at 553 (interpreting the Virgin Islands accessory statute and concluding that "[a]n accessory after the fact is one who, knowing that a crime has been committed, *obstructs justice* by giving comfort or assistance to the offender in order to hinder or prevent his apprehension or punishment" (emphasis added) (citation omitted)).[13]

---

[12] We previously cited *Barlow* for the proposition that an offense under § 3 is an aggravated felony under section 101(a)(43)(S) of the Act, observing that a conviction under this section "clearly relates to obstruction of justice" since "the statute criminalizes actions knowingly taken to 'hinder or prevent [another's] apprehension, trial or punishment.'" *Matter of Batista-Hernandez*, 21 I&N Dec. at 962 (alteration in original) (citation omitted).

[13] Of the 17 States that used "obstruction of justice" or "obstructing justice" in their statutes to define certain crimes in 1996, only 4 explicitly proscribed conduct punishable as accessory after the fact under § 3. *See* Colo. Rev. Stat. § 18-8-105; Mont. Code Ann. § 45-7-303(a)–(b); Ohio Rev. Code Ann. § 2921.32(A)(1), (3); Utah Code Ann. § 76-8-306(b), (e). However, a survey of relevant State case law reflects that, prior to the enactment of section 101(a)(43)(S), another 10 States viewed conduct punishable under § 3 as a form of obstruction of justice. *See Staten v. State*, 519 So. 2d 622, 626 (Fla. 1988) ("The accessory after the fact is no longer treated as a party to the crime but has come to be recognized as the actor in a separate and independent crime, *obstruction of justice*." (emphasis added) (citation omitted)), *superseded by statute as stated in Bowen v. State*, 791 So.2d 44, 51 (Fla. Dist. Ct. App. 2001); *Moore v. State*, 240 S.E.2d 68, 69–70 (Ga. 1977) (same), *overruled on other grounds by Jarrett v. State*, 453 S.E.2d 461 (Ga. 1995); *People v. Jones*, 407 N.E.2d 1121, 1124 (Ill. App. Ct. 1980) (same); *State v. Chism*, 436 So. 2d 464, 467 n.2 (La. 1983) (same); *Osborne v. State*, 499 A.2d 170, 173 (Md. 1985) (same), *abrogated on other grounds by State v. Hawkins*, 604 A.2d 489 (Md. 1992); *State v. Brown*, 543 S.W.3d 647, 649–50 & n.8 (Mo. Ct. App. 2018) (noting that, in 1979, the Missouri Legislature enacted a statute proscribing harboring, concealing, or warning an offender of impending discovery or apprehension, which based liability on a theory of "obstruction of justice"), *reh'g denied* (Feb. 13, 2018); *Lynch*, 399 A.2d

Looking to the United States Sentencing Guidelines Manual that was in effect at the time Congress enacted section 101(a)(43)(S), the commentary to section 2J1.2 of those guidelines, titled "Obstruction of Justice," further illustrates that accessory after the fact was regarded as a form of obstruction of justice in 1996. Specifically, the drafters of section 2J1.2 cross-referenced the guideline for "Accessory After the Fact" in that section because "the conduct covered by [this section] is frequently part of an effort to avoid punishment for an offense that the defendant has committed or *to assist another person to escape punishment for an offense*." U.S. Sentencing Guidelines Manual § 2J1.2 cmt. background (U.S. Sentencing Comm'n 1995) (emphasis added).

The Model Penal Code also supports our conclusion that an accessory after the fact was commonly understood to have obstructed justice in 1996. Notably, when section 101(a)(43)(S) was added to the Act, the Model Penal Code listed "Hindering Apprehension or Prosecution"—a crime proscribing conduct identical to accessory after the fact under § 3 in all relevant respects—under Article 242, which is titled "Obstructing Governmental Operations; Escapes." Model Penal Code § 242.3 (1985). The Model Penal Code additionally stated that one who hinders the apprehension or prosecution of another is not treated as a principal to the underlying crime, "but is convicted . . . for an independent offense of *obstruction of justice*." Model Penal Code art. 242 (emphasis added).

Under these circumstances, it is highly unlikely that Congress intended to exclude the crime of accessory after the fact under § 3 from the phrase "obstruction of justice" in section 101(a)(43)(S) when it enacted that provision. Limiting our analysis to chapter 73 in discerning the common understanding of that phrase would therefore be unreasonably restrictive.[14] While we recognize that chapter 73 is titled "Obstruction of Justice," that fact alone does not conclusively settle what "obstruction of justice" offenses Congress had in mind when it enacted section 101(a)(43)(S). *See Trainmen v. Baltimore & O. R. Co.*, 331 U.S. 519, 528 (1947) (explaining that, while a heading within a statute may be instructive, it does not conclusively settle that statute's meaning); *see also Matter of Alvarado*, 26 I&N Dec. at 897 (holding that 18 U.S.C. § 1621 (2012), which is titled "Perjury generally,"

_____

at 634–35 (viewing an accessory after the fact as an obstructer of justice); *State v. Sliger*, No. 24, 1991 WL 102672, at *6–7 (Tenn. June 17, 1991) (same); *State v. Petry*, 273 S.E.2d 346, 349 (W. Va. 1980) (same); *Rundle*, 500 N.W.2d at 925 (same).

[14] We note that the Ninth Circuit has concluded that failure to appear under 18 U.S.C. § 3146 (2006) is an offense relating to obstruction of justice under section 101(a)(43)(S), even though it is not explicitly listed in chapter 73. *See Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1087 (9th Cir. 2008); *see also Alwan v. Ashcroft*, 388 F.3d 507, 514 (5th Cir. 2004) (holding that contempt of court under of 18 U.S.C. § 401(3) (2000) is an aggravated felony offense relating to obstruction of justice).

does not provide the sole reference for discerning the common understanding of the term "perjury" in 1996 for purposes of section 101(a)(43)(S)).

Furthermore, if Congress intended to limit the phrase "obstruction of justice" to the crimes listed in chapter 73, it could have done so by listing the relevant sections of the United States Code in section 101(a)(43)(S) of the Act, as it did in other parts of section 101(a)(43) of the Act.  *See* sections 101(a)(43)(B)–(F), (H)–(P) of the Act; *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) ("[W]here Congress includes particular language in one section of a statute but omits it in another . . . , it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (citation omitted)).  Significantly, the Supreme Court recently declined to use 18 U.S.C. § 2243 (2012), which criminalizes "[s]exual abuse of a minor or ward," as "the complete or exclusive definition" of "sexual abuse of a minor" under section 101(a)(43)(A) because that provision of the Act "does not cross-reference § 2243(a), whereas many other aggravated felonies in the [Act] are defined by cross-reference to other provisions of the United States Code." *Esquivel-Quintana*, 137 S. Ct. at 1571.

## C.  Application

In light of the foregoing, we respectfully clarify our definition of "an offense relating to obstruction of justice" in *Matter of Valenzuela Gallardo. See Chevron*, 467 U.S. 837; *see also Brand X*, 545 U.S. 967.  This definition consists of offenses covered by chapter 73 of the Federal criminal code or any other Federal or State offense that involves (1) an affirmative and intentional attempt (2) that is motivated by a specific intent (3) to interfere either in an investigation or proceeding that is ongoing, pending, or reasonably foreseeable by the defendant, or in another's punishment resulting from a completed proceeding.

This definition is consistent with our prior holdings regarding the limited contours of the phrase "obstruction of justice."  For example, it does not cover "every offense that, by its nature, would tend to 'obstruct justice.'" *Matter of Espinoza*, 22 I&N Dec. at 894; *see also Matter of Batista-Hernandez*, 21 I&N Dec. at 962.[15]  Rather, it is limited to crimes involving the generic definition articulated above.  Consistent with our holding in *Espinoza*, misprision of a felony under 18 U.S.C. § 4 (2012), which proscribes concealing a known felony from authorities, would not qualify as an aggravated felony under this definition because, although that crime "has as an element the affirmative concealment of the felony, . . .

---

[15] To the extent that *Espinoza* and *Batista-Hernandez* contain language suggesting otherwise, that language is dicta.

nothing in § 4 . . . references the specific purpose for which the concealment must be undertaken," and thus it lacks the requisite specific intent. *Matter of Espinoza*, 22 I&N Dec. at 894.[16]

By contrast, the respondent's offense of accessory to a felony under section 32 of the California Penal Code is clearly an offense relating to obstruction of justice under this definition. Like accessory after the fact under § 3, which we held in *Batista-Hernandez* qualifies as an offense relating to obstruction of justice under the Act,[17] the respondent's State statute of conviction requires a violator to aid the principal, with knowledge that the principal has committed a crime, and with the specific intent to interfere in the principal's arrest, trial, conviction, or punishment.[18] *See People v. Nuckles*, 298 P.3d 867, 870 (Cal. 2013) (outlining the elements of accessory to a felony under section 32). In other words, a violator must have the specific intent to interfere either in an ongoing, pending, or reasonably foreseeable investigation or proceeding, or in another's punishment resulting from a completed proceeding.[19]

The respondent does not dispute that his State crime is one "for which the term of imprisonment is at least one year" as required by section 101(a)(43)(S) of the Act. *See Matter of Valenzuela Gallardo*, 25 I&N Dec. at 839 n.1. We therefore conclude that his conviction is categorically one for an aggravated felony offense relating to obstruction of justice that renders him removable under section 237(a)(2)(A)(iii) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[16] Unlike § 4, contempt of court under 18 U.S.C. § 401(3) and failure to appear under 18 U.S.C. § 3146 satisfy the elements of our clarified definition because they require that one act with the specific intent to interfere in an ongoing proceeding. *See Renteria-Morales*, 551 F.3d at 1087; *Alwan*, 388 F.3d at 514.

[17] Because § 3 satisfies the elements of our clarified definition, we reaffirm our holding in *Batista-Hernandez* that it is an aggravated felony under 101(a)(43)(S).

[18] In fact, the respondent's State statute of conviction proscribes a narrower range of conduct than § 3 because the former only reaches those who aid a felon, while the latter reaches aiding a principal who has committed "any offense" against the United States, including a misdemeanor. *United States v. Chapman*, 3 F. Supp. 900, 903 (S.D. Ala. 1931) (analyzing the predecessor to § 3).

[19] In *Nuckles*, 298 P.3d at 869, the California Supreme Court concluded that "a person who intentionally aids a parolee in absconding from parole supervision qualifies as an accessory" under section 32. Therefore, § 3 and section 32 reach offenses involving interference in another's punishment resulting from a completed proceeding. *See Matter of Batista-Hernandez*, 21 I&N Dec. at 962; *see also Hobson*, 519 F.3d at 769.