**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1563
_____

LYNDON MCARTHUR IKE PETERSON,
                                                            Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041 790 019)
Immigration Judge: Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 13, 2020
Before:  AMBRO, PORTER, and SCIRICA, Circuit Judges

(Opinion filed:  November 20, 2020)
_____

OPINION[*]
_____

PER CURIAM

    Lyndon McArthur Ike Peterson is a citizen of Grenada.  On January 31, 2013, the

Board of Immigration Appeals ("BIA" or "Board") dismissed his appeal from an

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Immigration Judge's ("IJ") removal order. Over six years later, Peterson filed with the Board a motion to reopen, alleging that his immigration attorney was ineffective. The Board denied his motion. Peterson petitions for our review of that decision. We will deny the petition for review.

Before the IJ, Peterson, represented by counsel, conceded that he was removable under § 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") [8 U.S.C. § 1227(a)(2)(B)(i)] for having been convicted of a controlled substance offense.[1] But he challenged the other charged grounds for removal that were based on his subsequent conviction under 18 U.S.C. § 3146(a)(2), for failing to report to serve the sentence for his drug conviction. Those grounds charged aggravated felonies, and an aggravated felony conviction would make him ineligible for cancellation of removal under INA § 240A(a) [8 U.S.C. § 1229b(a)]. The IJ sustained one of the aggravated felony charges, determining that Peterson's failure-to-appear conviction constituted obstruction of justice under INA § 101(a)(43)(S) [8 U.S.C. § 1101(a)(43)(S)]. Peterson appealed pro se. The BIA agreed with the IJ that his conviction was an aggravated felony under subsection (S), and further determined that Peterson's failure-to-appear conviction was also an aggravated felony under subsection (Q).[2] Peterson did not petition this Court to review the BIA's 2013 decision.

---

[1] In 1993, Peterson was convicted of simple possession of a controlled substance under 21 U.S.C. § 844(a).

[2] That subsection defines an aggravated felony as failure of a defendant to appear to serve a sentence if the underlying conviction is punishable by a five-or-more-year sentence. INA § 101(a)(43)(Q) [8 U.S.C. § 1101(a)(43)(Q)].

In his motion to reopen, Peterson argued to the BIA that his attorney failed to appear at several of his early immigration hearings, that she "abandoned" his appeal, A.R. 21, and that she "failed to raise multiple viable, fairly basic arguments regarding whether [he] was removable," A.R. 11. Specifically, he stated that his attorney failed to argue that his failure-to-appear conviction required only that he act "knowingly," and that this did not match the Board's definition of "obstruction of justice" under subsection (S), which required "specific intent." A.R. 12-13. Peterson also argued in his motion to reopen that the Board improperly determined that his conviction constituted an aggravated felony under INA § 101(a)(43)(Q), because the administrative record does not reflect what part of 21 U.S.C. § 844(a) he violated, thus precluding the BIA from determining the possible sentence he faced. The BIA denied the motion to reopen essentially for two reasons: Peterson did not establish that his attorney was ineffective, and he was not diligent in pursuing his claims. A.R. 2-3.

We have jurisdiction to review the BIA's denial of Peterson's motion to reopen based on ineffective assistance of counsel. Calderon-Rosas v. Att'y Gen., 957 F.3d 378, 386 (3d Cir. 2020). We review the denial of a motion to reopen for abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Because Peterson has been convicted of an aggravated felony, our review is narrowed to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C) & (D).

3

An alien seeking to reopen his removal proceedings generally must file a motion within 90 days of the removal decision. See 8 U.S.C. § 1229a(c)(7)(C)(i). But, as the BIA properly recognized here, the time limit for moving to reopen is subject to equitable tolling. See Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005). Ineffective assistance of counsel can support equitable tolling if substantiated and accompanied by a showing of due diligence. See Mahmood v. Gonzales, 427 F.3d 248, 251-52 (3d Cir. 2005). That diligence must be exercised over the entire period for which tolling is desired.[3] See Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011).

As the BIA noted, Peterson's motion to reopen failed to alert the BIA to any reason for his six-year delay in filing. And we can discern no reason for the delay.[4] Indeed, by the time Peterson filed his appeal to the BIA in 2012, he necessarily was aware of his attorney's failure to appear at his early immigration hearings, and the fact that she did not assist him in his appeal to the BIA. He also argued in his motion to

---

[3] The Supreme Court recently clarified that a court's review of "questions of law" under § 1252(a)(2)(D) includes review of the application of law to undisputed facts, which encompasses a petitioner's "claims of due diligence for equitable tolling purposes." Guerrero-Lasprilla v. Barr, 140 S. Ct. 1062, 1068 (2020).

[4] The Government argues that Peterson failed to challenge in his opening brief here the Board's determination that he failed to exercise diligence, thus waiving the issue. Respondent's Brief at 16 (citing Kopec v. Tate, 361 F.3d 772, 775 n.5 (3d Cir. 2004)). Peterson counters in his Reply Brief that his Petition for Review challenged the due diligence determination. Reply Brief at 1 (citing Petition for Review at 2). And he repeats the Petition for Review's argument in his opening brief, claiming that "[s]ince being ordered removed" he has "spoken with one attorney after another who tell me there is nothing that can (or should?) be done." Petitioner's Brief at 2. As Peterson has made some attempt at showing diligence, he has not waived the issue. But his explanation falls short—his search for an attorney does not explain why he could not earlier file a pro se motion to reopen with the Board.

reopen, quoting In re Gallardo, 27 I. & N. Dec. 449 (BIA 2018), that his attorney was ineffective for failing to argue that his crime did not include the "specific intent" necessary to render it an obstruction of justice aggravated felony. A.R. 12-13. But the portion of In re Gallardo that he quoted was itself a quote from the Board's *earlier* decision in that case. See In re Gallardo, 27 I. & N. Dec. at 450 ("On June 27, 2012, we issued a published decision, clarifying our prior precedents interpreting section 101(a)(43)(S) of the Act and holding that an offense relating to obstruction of justice must have as an element 'the affirmative and intentional attempt, with specific intent, to interfere with the process of justice.'") (quoting In re Gallardo, 25 I. & N. Dec. 838, 841 (BIA 2012)) (emphasis omitted). Peterson could have included all of these arguments in his October 2012 brief to the BIA.

Peterson also argues in his reply brief that the BIA should have reopened proceedings based on "intervening case law." Reply Brief at 1-2. Even if the Board may equitably toll the statutory filing deadline based on a change in law, see Lona v. Barr, 958 F.3d 1225, 1230 (9th Cir. 2020), cf. Guerrero-Lasprilla, 140 S. Ct. at 1068, Peterson has not explained what "intervening case law" would require a different result in his case.[5]

---

[5] Peterson notes that several attorneys and judges have expressed frustration with the difficulty of applying the "categorical approach." Reply Brief at 2-3. But any such frustrations would not allow either the Board or us to overturn settled law. Cf. Cabeda v. Att'y Gen., 971 F.3d 165, 167 (3d Cir. 2020) (applying categorical approach despite "surpassingly strange result . . . required by controlling law"). And of course, we cannot here consider whether the Board in 2013 correctly decided that Peterson's conviction constitutes an aggravated felony, as Peterson did not timely petition for review of that decision. See Stone v. INS, 514 U.S. 386, 394 (1995); 8 U.S.C. § 1252(b)(1).

Finally, Peterson argues that (1) all indigent people should have a right to counsel in removal proceedings; (2) the moral turpitude and aggravated felony statutes should be invalidated for failure to provide "fair notice"; and (3) people in removal proceedings should have a right to a jury trial. Petitioner's Brief at 5-6. These arguments address the validity of the procedures involved in imposing Peterson's removal order and thus are beyond the scope of the current petition for review. See 8 U.S.C. § 1252(b)(4)(A).

For all of these reasons, we will deny the petition for review.