FILED:  March 7, 2022

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-1363

_____

JEAN FRANCOIS PUGIN

Petitioner

v.

MERRICK B. GARLAND, Attorney General

Respondent

------------------------------

AMERICAN IMMIGRATION COUNCIL; FOURTH CIRCUIT FEDERAL PUBLIC
DEFENDERS; AMERICAN IMMIGRATION LAWYERS ASSOCIATION

Amici Supporting Rehearing Petition

_____

O R D E R

_____

The court denies the petition for rehearing en banc.

A requested poll of the court failed to produce a majority of judges in regular active

service and not disqualified who voted in favor of rehearing en banc.  Chief Judge Gregory,

Judge King, and Judge Wynn voted to grant rehearing en banc.  Judge Wilkinson, Judge

Niemeyer, Judge Motz, Judge Agee, Judge Diaz, Judge Thacker, Judge Harris, Judge

Richardson, Judge Quattlebaum, Judge Rushing, and Judge Heytens voted to deny rehearing en banc.  Chief Judge Gregory wrote an opinion dissenting from the denial of rehearing en banc.

Entered at the direction of Judge Richardson.

For the Court

/s/ Patricia S. Connor, Clerk

GREGORY, Chief Judge, dissenting from the denial of rehearing en banc:

I respectfully dissent from this court's denial of rehearing en banc on the issue of whether to grant *Chevron* deference to the Board of Immigration's ("Board") recent interpretation of § 1101(a)(43)(S), providing that an aggravated felony under the INA is "an offense relating to the obstruction of justice, perjury or subornation of perjury, or bribery of a witness." According to the Board, to "obstruct justice" only requires a connection to the "process of justice," which the Board later redefined as circumstances where an investigation or proceeding was merely "reasonably foreseeable." *In re Valenzuela Gallardo*, 27 I. & N. Dec. 449, 460 (B.I.A. 2018).

At step one, we are instructed to employ the traditional tools of statutory interpretation. *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843, n. 9 (1984) ("If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect."). After doing so, I ascertained that the plain text, statutory scheme, and congressional history show that "obstruction of justice" is a term of art long-ago defined by Congress in Chapter 73 of Title 18 as requiring a nexus element to pending or ongoing proceedings. *See Pettibone v. United States*, 148 U.S. 197, 207 (1893) (holding that obstruction is a criminal act that "can only arise when justice is being administered"); *United States v. Aguilar*, 515 U.S. 593, 599 (1995) (stating, as to a federal obstruction of justice offense, that the conduct "must be [taken] with an intent to influence judicial or grand jury proceedings," which "[s]ome courts have phrased . . . as a 'nexus'

3

requirement."); *see also Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018) ("The plain text, the statutory context, and common sense all lead inescapably and unambiguously to that conclusion.").

Indeed, the Board itself previously concluded that the term was unambiguous and that it required a nexus to a pending or ongoing proceeding. *See In re Espinoza-Gonzalez*, 22 I. & N. 889, 892–93 (B.I.A. 1999) (en banc) (holding that "obstruction of justice" is a term of art and applying Chapter 73 to define it in the INA context). Specifically, the Board reasoned that Congress employed the phrase "obstructing justice," "a term of art utilized in the United States Code to designate a specific list of crimes … in conjunction with other crimes (e.g., perjury and bribery) that also are clearly associated with *the affirmative obstruction of a proceeding or investigation*." *Id.* at 893–94 (emphasis added). Of course, the Board may change its interpretation, but it must be reasonable upon our review. *Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005).

To find ambiguity at step one, the majority relied, *inter alia*, on the preceding phrase "relating to." However, this reliance is misplaced because "relating to" does not automatically render "obstruction of justice" ambiguous. *See* Dissenting Op. 41–43; *see also In re Espinoza-Gonzalez*, 22 I. & N. at 895 (rejecting the INA's argument that "relating to" rendered § 1101(a)(43)(S) too broad and tenuous). As cautioned by the Supreme Court, we need to be careful in reading "relating to" to "extend [the statute] to the furthest stretch of [its] indeterminacy, ... [and] stop nowhere." *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995). Instead, we must use

4

the context of the statutory scheme "in favor of a narrower reading." *Yates v. United States*, 574 U.S. 528, 539 (2015). Here, Congress included "relating to" to capture the breadth of various state "obstruction of justice" statutes that match the essential elements of the INA statute. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, at 499 (1985) (holding that the fact that a statute "has been applied in situations not expressly anticipated by Congress does not demonstrate ambiguity. It demonstrates breadth."); *see also Mellouli v. Lynch*, 575 U.S. 798, 811 (2015) (rejecting the Government's argument that "relating to" in § 1227(a)(2)(B)(i) eliminates the requirement that a controlled substance involve a federally controlled substance).

Furthermore, the opinion pointed to §§ 1512, 1510, 1518 as sources of ambiguity. In interpreting § 1512(e)(1), the Supreme Court held that a conviction requires proof of nexus between corrupt persuasion and particular proceeding. *Arthur Andersen LLP v. United States*, 544 U.S. 696, 707–08 (2005). The Supreme Court also distinguished between a requirement that proceedings be reasonably foreseeable and one where they "not even be foreseen," *id.*; *see also Marinello v. United States*, 138 S. Ct. 1101, 1110 (2018) (interpreting 26 U.S.C. § 7212 as requiring that the Government show that defendant engaged in "obstructive conduct or, at the least, was then reasonably foreseeable by the defendant."). As noted by our sister circuit, *Arthur Andersen* is inapplicable in our analysis because § 1512 "is an *exception* to Chapter 73's general rule that obstruction requires a nexus to an ongoing or pending proceeding," and the Supreme Court still read a nexus requirement into § 1512 "support[ing] the notion that obstruction of justice offenses require

5

a tight nexus to a proceeding." *Valenzuela Gallardo v. Barr*, 968 F.3d 1053, 1067 (9th Cir. 2020) (emphasis in original). Furthermore, and with respect to *Marinello*, the Supreme Court carefully noted that the "the language and history of [§ 7212] differ[ed]" from the "obstruction of justice" in Chapter 73 it had previously interpreted as requiring a nexus element. *Marinello*, 138 S. Ct. at 1109. Finally, and as I noted in my dissent, even if *Marinello* and *Arthur Andersen* are relevant in evaluating the Board's new interpretation, we must still examine the text, ordinary meaning, history, and statutory scheme of "obstruction of justice" "[a]t th[e] time" § 1101(a)(43)(S) was passed into law. *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1569 (2017). Accordingly, and as I explain in my dissent, *see* Dissenting Op. 44–54, a review of the history, text, and statutory analysis of §§ 1510, 1512, 1518, 1519, and similar provisions, results in finding that the phrase "obstruction of justice" is unambiguous.

Even if the phrase "obstruction of justice" is ambiguous at *Chevron* step one, and the Board is given legislative authority, the Board's interpretation must still be reasonably consistent with the legislative scheme. *Chevron*, 104 S. Ct. at 2793.

The Board long-ago inserted vagueness into a well-settled interpretation of "obstruction of justice." In 2012, the Board redefined the phrase "obstruction of justice" to include crimes that contain the "critical element of an affirmative and intentional attempt, motivated by a specific intent, to interfere *with the process of justice*, irrespective of the existence of an ongoing criminal investigation or proceeding." *In re Valenzuela Gallardo*, 25 I. & N. Dec. 838, 838 (B.I.A. 2012) (emphasis added). The Board, thus,

6

redefined the phrase to mean that "the existence of [an ongoing criminal investigation or trial] *is not an essential element* of 'an offense relating to obstruction of justice.'" *Id.* at 841 (emphasis added) (internal citation omitted). The Board's vague phrase "process of justice" was untenable and contradicted settled case law. *See Aguilar*, 515 U.S. at 599 (holding that to convict a defendant under § 1512(c) "it is not enough that there be an intent to influence some ancillary proceeding, such as an investigation independent of the courts or grand jury's authority."); *see also United States v. Young*, 916 F.3d 368, 386 (4th Cir. 2019) ("[a] knowingly corrupt persuader cannot be convicted 'when he does not have in contemplation any particular official proceeding in which those documents might be material.'") (quoting *Arthur Andersen*, 544 U.S. at 708.

While the majority correctly notes that previous sister circuits have granted deference to the Board's 1999 interpretation of the statute, these decisions recognized that obstruction requires a nexus to a pending proceeding. *See, e.g.*, *Alwan v. Ashcroft*, 388 F.3d 507, 514 (5th Cir. 2004) (affirming the Board's determination that petitioner's "obstruction of justice" state crime was an "aggravated felony" because it had a nexus requirement to impede a pending proceeding as instructed by *U.S. v. Aguilar*, 515 U.S. 593 (1995)); *Trung Thanh Hoang v. Holder*, 641 F.3d 1157, 1166 (9th Cir. 2011) (adopting the Board's 1999 definition established in *In re Espinoza-Gonzalez*). *Chevron* does not give agencies cart blanche to interpret the statute as they wish. We still play the key role of reviewing whether the agency's interpretation is reasonable. *Gutierrez-Brizuela v. Lynch*, 834 F.3d 1142, 1149 (10th Cir. 2016) (J. Gorsuch, concurring) (cautioning that "the fact is

7

that *Chevron* and *Brand X* permit executive bureaucracies to swallow huge amounts of core judicial and legislative power and concentrate federal power in a way that seems more than a little difficult to square with the Constitution of the framers' design. Maybe the time has come to face the behemoth."). Here, the Board's new interpretation remains untenable. *See United States v. Williams*, 553 U.S. 285, 306 (2008) (explaining that amorphous terms "without statutory definitions, narrowing context, or settled legal meanings" raise vagueness concerns). Indeed, the Board's 2012 redefinition was not granted deference by our sister circuits on at least four occasions.

The Ninth Circuit was the first to reject the Board's 2012 interpretation on constitutional avoidance grounds because it raised a vagueness issue. *Valenzuela Gallardo v. Lynch*, 818 F.3d 808, 819–22 (9th Cir. 2016) (holding that the phrase "process of justice" was "amorphous" because "the BIA has not given an indication of what it does include in 'the process of justice,' or where that process begins and ends."). Soon thereafter, the Third, Fifth, and Seventh Circuits also declined to defer to the Board's 2012 interpretation on similar grounds. *See Flores v. Att'y Gen.*, 856 F.3d 280, 287, n. 23 (3d Cir. 2017) (declining to the defer to the "BIA's [1999 or 2012] interpretation[s] of the Obstruction Provision" to conduct a categorical approach); *Cruz v. Sessions*, 689 F. App'x 328, 329 (5th Cir. 2017) (per curiam) (remanding a petition for review to the Board because it had relied on the "the now-vacated *Valenzuela Gallardo* decision" but reserving judgment "as to whether the Ninth Circuit's ruling was correctly decided or whether *Valenzuela Gallardo* provided an appropriate standard"); *Victoria-Faustino v. Sessions*, 865 F.3d 869,

876 (7th Cir. 2017), *as amended* (Oct. 10, 2017) (holding that it will "not defer to the *In re Valenzuela Gallardo* articulation of what constitutes a crime relating to the obstruction of justice under the INA[,] and, instead applying the definition outlined in *Matter of Espinoza* in 1999).

After its 2012 redefinition was struck down for vagueness, the Board went back to the drawing board. However, the Ninth Circuit, again, struck down the Board's 2018 interpretation. *See Valenzuela Gallardo v. Barr*, 968 F.3d at 1063–65. In 2018, the Board held that an offense "relating to obstruction of justice":

> encompasses offenses covered by chapter 73 of the Federal criminal code, 18 U.S.C. §§ 1501-1521 (2012), or any other Federal or State offense that involves (1) an affirmative and intentional attempt (2) that is motivated by a specific intent (3) to interfere either in an investigation or proceeding that is ongoing, pending, or reasonably foreseeable by the defendant, or in another's punishment resulting from a completed proceeding.

*In re Valenzuela Gallardo*, 27 I. & N. Dec. at 449.

As I explained in my dissent, and above, the Board's new 2018 interpretation remains untenable because the phrase "obstruction of justice" unambiguously requires a nexus to a pending or ongoing proceeding. *See* Dissenting Op. at 44–56. Namely, the BIA has not explained what it means for proceedings to be "reasonably foreseeable." At best, the Board stated that only a "reasonably foreseeable" investigation or proceeding is required. *In re Valenzuela Gallardo*, 27 I. & N. at 460. Still, the question of whether an investigation or proceeding is "reasonably foreseeable" is subjective and indeterminant. The Ninth Circuit also concluded that "in light of this statutory interpretation analysis, the

BIA's proffered reasonably foreseeable standard cannot stand." *Valenzuela Gallardo*, 968 F.3d at 1068.

In all, as reasonable minds may differ, I understand how my friends in the majority arrived at their conclusion. Nevertheless, I highlight that this court's decision will have far-reaching implications. Namely, this decision is the first and only to uphold the Board's 2018 redefinition as reasonable—repudiating the Ninth Circuit's 2020 decision. Accordingly, by no longer requiring a nexus element, this opinion expands the list of possible state crimes that could trigger immigration deportation consequences for many persons who may not have been otherwise subject to deportation. This is a sizeable impact for many people in our country. Accordingly, for the foregoing reasons, I believe that en banc review is warranted.